Filed 3/6/14  P. v. Sanchez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058659 |
| v. | (Super.Ct.No. RIF153202) |
| ROBERT JOSEPH SANCHEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elisabeth Sichel, Judge.  Affirmed.

Allison L. Ehlert, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

On September 29, 2009, a felony complaint charged defendant and appellant

Robert Joseph Sanchez with one count of robbery under Penal Code[1] section 211.  The

complaint also alleged prior strike convictions under sections 667, subdivisions (c) and

(e)(1), and 1170.12, subdivision (c)(1).

On August 25, 2011, defendant pled guilty to one count of robbery in the second

degree under section 211.  The trial court imposed a 10-year prison sentence, but

suspended its execution and granted defendant five years' probation.

On April 6, 2012, the trial court revoked defendant's probation based on his

failure to remain enrolled in a drug treatment program, which was a condition of his

probation.  The court issued a bench warrant for defendant's failure to appear.

On June 27, 2012, defendant was arrested and charged with one count of resisting

a peace officer under section 148, subdivision (a), and one count of falsely identifying

himself to a peace officer under section 148.9, subdivision (a).[2]  The trial court found

defendant guilty of the two misdemeanor counts and that defendant violated the terms of

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] There is no complaint or information in the record regarding these charges. However, the charges have been deduced from the reporter's transcript of the trial.  In his brief, defendant also claims that he was charged with one felony count of possession of methamphetamine under Health and Safety Code section 11377, subdivision (a), which was later dismissed.  We could not find a record of this charge in the record. This fact, however, is irrelevant to this appeal.

2

his probation. The court, therefore, ordered the execution of defendant's 10-year prison sentence.[3]

On April 19, 2013, the trial court entered the judgment ordering the execution of defendant's suspended sentence. On May 2, 2013, defendant filed a timely notice of appeal from the order revoking his probation.

## STATEMENT OF FACTS

On August 25, 2011, defendant pled guilty to one count of robbery in the second degree under section 211. The charge stemmed from a 2009 incident in which defendant and two other men surrounded a fourth man as he was walking out of a grocery store and demanded that he give them his case of beer.

In addition to pleading guilty to the robbery count, defendant also admitted that he had two prior convictions, one for assault with a firearm in 2003 and the second for assault with a deadly weapon in 1998. Although firearms were involved in both prior convictions, no one was injured in either incident.

Thereafter, the trial court struck the 1998 conviction, imposed a 10-year sentence for the robbery charge, and then suspended execution of the sentence in favor of a five-year probationary period. One of the key terms of his probation was that defendant had to complete two years of residential drug treatment with the Delancey Street program in Los Angeles. The court stated that, "the reason I'm even open to this given his criminal

---

[3] Defendant filed a motion in the trial court pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954, challenging the trial court's award of custody credits.

3

record is that when you look behind the names of the crimes that he has been convicted of, they are not nearly as serious factually as they appear on the surface." The court also found that the Delancey Street program was the best option for defendant because "it is very clear from all the information I have that substance abuse, alcohol, drugs is a major contributor to his criminality." Emphasizing the importance of successful completion of the program if defendant wished to remain out of prison, the court stated:

"Basically, if he violated any term of probation, in particular, if he got kicked out of Delancey Street, or he didn't cooperate, or they found he was not a good participant because of the way he approached things; or he didn't complete it successfully for any reason then he would basically go to prison for ten years.

"On the other hand, if he doesn't touch drugs, doesn't drink alcohol, works hard in the Delancey Street program, successfully completes at least two years of residential program there, then I would allow him to stay on probation for the five years. And the state prison commitment would remain stayed hanging over his head throughout the term of probation."

Approximately seven months later, on April 6, 2012, the court held a hearing to review a letter from Delancey Street explaining that defendant was no longer enrolled in the program. The court issued a bench warrant for defendant's failure to appear at the hearing and ordered his probation revoked.

On June 27, 2012, defendant was arrested by a Riverside County Sheriff's deputy during a routine traffic stop wherein defendant was a passenger; defendant gave false

4

identifying information to the deputy and resisted arrest by fleeing on foot. As stated previously, defendant was charged with one count of resisting and obstructing a peace officer under section 148, subdivision (a)(1), and one count of falsely identifying himself to a peace officer under section 148.9, subdivision (a).

Defendant elected to have a court trial instead of a jury trial on the two counts. This trial was combined with his probation revocation hearing on April 17, 2013.

Defendant admitted that he gave a false name to the deputy but said he did so because he had a baby daughter at home and did not want to be separated from her by going to jail. He also admitted that he ran away from the officer, but his intent in doing so was not to evade arrest but merely to convey a message to a nearby auto repair shop that was holding his car. Defendant explained that he and the driver of the stopped car had already arrived at their destination, the auto repair shop, when the deputy pulled up behind them. Defendant testified that his car had been parked at the repair shop for a while and that the owner of the shop had threatened to sell it if defendant did not retrieve his car. Believing that he was going to jail, defendant asked the deputy for permission to speak with the repair shop owner to arrange for his wife to pick up the car. Defendant testified that the deputy agreed to this. Defendant insisted that he only took off running the short distance to the repair shop when the deputy began to handcuff him—a move that defendant interpreted as unfairly rescinding the deputy's promise to allow defendant to speak with the owner of the repair shop. Defendant testified that he ran to his car, laid down on the ground, and shouted his message to the repair shop workers.

The arresting deputy testified that he never had any conversation with defendant about speaking with anyone at the repair shop. He also stated that he chased defendant when defendant took flight, and that defendant put his fists up when the deputy caught up to him. Defendant appeared to be "squaring off to fight with me." Ultimately, the deputy forced defendant to the ground. With the assistance of a colleague, the deputy handcuffed defendant.

With regard to the Delancey Street program, defense counsel explained that defendant began the program and resided there for some time. However, defendant encountered an active gang member with whom he got into an altercation; defendant is a former gang member. As a result, defendant was asked to leave the program. Defendant never contacted the court to explain how or why he left the Delancey Street program.

The trial court found defendant guilty of the two misdemeanor counts and also found that defendant violated his probation. The court declined to reinstate probation, determined that it lacked the authority to reduce the originally imposed 10-year sentence, and ordered the original sentence to take full force and effect.

**ANALYSIS**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI                              
                                            J.

We concur:

RAMIREZ                  
                    P. J.

KING                      
                    J.

7