Filed 7/25/14  P. v. Serrano CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C074899 |
| Plaintiff and Respondent, | (Super. Ct. No. SF120504A) |
| v. | |
| CESAR SOCORRO SERRANO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Cesar Socorro Serrano has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

**BACKGROUND**

On May 5, 2012, Stockton police officers, believing defendant was on searchable probation, went to the house where they thought defendant lived to conduct a search.

1

Several officers went to the front door of the residence and knocked, while one officer went to the rear of the house. After knocking and announcing their presence several times, one of the officers heard someone inside running toward the east side of the house and heard "what sounded like a toilet seat." Defendant was detained after the officer stationed to the rear of the house saw him crawl out of a bathroom window.

During a subsequent search of the house, officers found a loaded firearm submerged in the water inside the toilet tank in that same bathroom. It had small air bubbles on its surface. The firearm was a single-stack, .45-caliber semiautomatic and was determined to have been recently stolen. The officers also located ammunition of different caliber than the firearm. Defendant claimed he did not live at the house and knew nothing about the gun.

Defendant was charged with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)),[1] possession of ammunition by a felon (§ 30305, subd. (a)(1)), criminal street gang activity (§ 186.22, subd. (a)), receiving stolen property (§ 496, subd. (a)), and resisting a peace officer (§ 148). The trial court held defendant to answer only on possession of a firearm and ammunition by a felon. The People then filed an information that included the receiving stolen property and resisting an officer counts. Defendant filed a section 995 motion to dismiss the added counts. The trial court dismissed the receiving stolen property count but defense counsel withdrew the request to dismiss the resisting a peace officer count for strategic reasons.

Defendant also filed a motion to suppress, pursuant to section 1538.5, alleging the search of the residence was unlawful because defendant was not actually *on* searchable probation. The People opposed the motion on the grounds that defendant, who had claimed not to live at the residence, did not have standing to contest the search. The trial

---

[1] Further undesignated statutory references are to the Penal Code.

court (Humphreys, J.) denied the motion, finding defendant had failed to establish that he had a reasonable expectation of privacy in the area searched.

After multiple *Marsden* motions,[2] including two that were granted due to breakdowns in the attorney/client relationship, as well as a suspension of the proceedings due to a competency hearing (§ 1368), defendant pled no contest to possession of a firearm by a felon.  In accordance with the plea agreement, the trial court sentenced defendant to the low term of 16 months, and the parties stipulated to 487 days of custody credit, which provided defendant with a sentence of time served.  After defendant's appellate counsel sent a *Fares* letter to the trial court,[3] fines and fees were modified and imposed as follows:  a $240 restitution fine and a suspended $240 parole revocation fine; a $24 collection fee; a $40 court security fee; and a $30 conviction assessment.

Defendant appeals.  He did not obtain a certificate of probable cause.  (§ 1237.5.)

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

---

[2]  *People v. Marsden* (1970) 2 Cal.3d 118.

[3]  *People v. Fares* (1993) 16 Cal.App.4th 954.

                                             DUARTE           , J.

We concur:


        RAYE             , P. J.


        BUTZ             , J.