Filed 6/19/15  P. v. Field CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERIC RAYMOND FIELD,<br><br>Defendant and Appellant. | C077776<br><br>(Super. Ct. Nos. 62130108, 62108934, 62111438) |

Appointed counsel for defendant Eric Raymond Field has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We direct correction of the abstract of judgment, and otherwise affirm.

**BACKGROUND**

In February 2014, the District Attorney and the Probation Department each filed petitions seeking to revoke defendant's probation.  Both petitions alleged defendant was in possession of drugs and drug paraphernalia and was under the influence of drugs, all in

1

violation of his probation. Both also alleged that in March 2012, the trial court placed defendant on probation for three years after his convictions for battery of a peace officer (case No. 62-108934 -- the battery case) and receiving stolen property (case No. 62-111438 -- the receiving case).

On May 1, 2014, the Probation Department filed an amended petition to revoke defendant's probation, adding three allegations each of burglary and conspiracy. The next day, the People charged defendant by complaint with three counts of residential burglary, one count of receiving stolen property, and three counts of felony vandalism in case No. 130108 (the current case). On July 18, 2014, defendant pleaded no contest to three counts of burglary and the trial court found him in violation of his probation in the battery and receiving cases based on his pleas. In exchange for his pleas, the remaining charges and another pending case were dismissed, and the People agreed to a stipulated term of five years four months in state prison.

The trial court subsequently sentenced defendant in accordance with his plea agreement. The court imposed fines and fees and awarded defendant 244 days of custody credit in the current case, 238 days in the receiving case, and 92 days in the battery case. Defendant appeals without a certificate of probable cause.

## DISCUSSION

Counsel has filed an opening brief setting forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

We note that the abstract of judgment incorrectly reflects the amounts of the restitution fines (§§ 1202.4, 1202.45) in the current case as $2,000 rather than the $200 fines imposed. "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the

2

judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  Appellate courts may order correction of abstracts of judgment that do not accurately reflect the sentencing court's oral pronouncement.  (*Ibid.*)  In February 2015, appellate counsel sent a letter to the trial court requesting correction (*People v. Fares* (1993) 16 Cal.App.4th 954), but it does not appear the correction has been made.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.  We direct preparation of a corrected abstract of judgment as described in this opinion, and that a certified copy of the new abstract be forwarded to the Department of Corrections and Rehabilitation.


                                       DUARTE    , J.


We concur:


    RAYE    , P. J.


    ROBIE    , J.