Filed 12/17/15  P. v. Meza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C078830 |
| Plaintiff and Respondent, | (Super. Ct. No. CR F 13-3769) |
| v. | |
| JOSE MEZA, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

BACKGROUND

Marcus Goodrum and James Watson were drinking beer with several other people at an apartment in West Sacramento.  Another group of friends, including defendant,

1

were also drinking at the same apartment. One of the people in the apartment, "Shaq," got in a fight with Goodrum. Watson tried to intervene and "Shaq" started beating Watson. Watson's jaw and nasal bone were each fractured in several places. Witnesses at the scene identified defendant as the primary assailant. Defendant acknowledged he went by the nickname "Shaq," admitted the apartment was his, and admitted he was there at the time of the fight. Defendant and at least one other person at the apartment were identified as validated gang members in the Broderick Boys, a set of the Norteños. Defendant's apartment was located in recognized territory of the Broderick Boys street gang.[1]

Defendant pleaded no contest to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4) -- count 1)[2] and participation in a criminal street gang (§186.22, subd. (a) -- count 4), and admitted an enhancement allegation that he had personally inflicted great bodily injury on a person (§ 12022.7, subd. (a)). The trial court granted the People's motion to dismiss the remaining charges and allegations. Defendant waived a presentence probation report. The trial court reserved jurisdiction on the issue of direct victim restitution. The trial court did not award defendant presentence custody credits, but asked "the clerk to request a presentence [*sic*] report for [defendant], which will have a full credit calculation." The trial court then proceeded to sentence defendant, in accordance with the plea, to four years on the assault conviction, three years consecutive on the enhancement allegation, and eight months consecutive (one-third the midterm) on the participation in a criminal street gang, for an aggregate term of seven years eight months in state prison. The trial court ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $30 collection fee (§ 1202.4, subd. (*l*)), a $300

---

[1]     The substantive facts are taken from the preliminary hearing, which served as the stipulated factual basis for the plea.

[2]     Undesignated statutory references are to the Penal Code.

parole revocation fine suspended unless parole is revoked (§ 1202.45), an $80 court operations fee (§ 1465.8), and a $60 criminal assessment fee (Gov. Code, § 70373). The trial court denied defendant's request for a certificate of probable cause.

On July 6, 2015, defendant's appellate counsel sent a *Fares*[3] letter to the trial court, requesting the abstract of judgment be amended to reflect the 354 days of presentence custody credits indicated in the postsentence probation report. The trial court filed an amended abstract of judgment properly reflecting those credits on July 24, 2015.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We noted the abstract of judgment incorrectly reflects the amounts imposed for the court operations fee (§ 1465.8) and the criminal assessment fee (Gov. Code, § 70373). These fees are required and the trial court correctly imposed the fees for each conviction. The abstract of judgment reflects only a $40 court operations fee and a $30 criminal assessment fee, the amount for a single conviction. Defendant sustained two convictions. Thus, the amounts should be $80 and $60, respectively. In addition, neither the abstract of judgment nor the minute order reflect the $30 collection fee (§ 1202.4, subd. (*l*)) orally imposed. "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize. [Citation.]" (*People v. Mitchell* (2001)

---

[3]     *People v. Fares* (1993) 16 Cal.App.4th 954.

3

26 Cal.4th 181, 185.) Appellate courts may order correction of abstracts of judgment that do not accurately reflect the sentencing court's oral pronouncement. (*Ibid.*)

Having undertaken an examination of the entire record, we find no other arguable errors that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed. The trial court is ordered to correct the abstract of judgment and the minute order to reflect the imposition of an $80 court operations fee, a $60 criminal assessment fee, and a $30 collection fee, and to forward the new abstract of judgment to the Department of Corrections and Rehabilitation.

        NICHOLSON     , Acting P. J.

We concur:

       HULL         , J.

       DUARTE     , J.