Filed 2/9/23  P. v. Boatwright CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096855 |
| Plaintiff and Respondent, | (Super. Ct. No. 22F1309) |
| v. | |
| DAKOTA LEE BOATWRIGHT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dakota Lee Boatwright filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error in defendant's favor, we affirm.

BACKGROUND

At sentencing, the parties stipulated that the California Department of Forestry and Fire Protection (Cal Fire) Report 22CASHU007730, provided a factual basis for defendant's plea.  That report is not part of the record on appeal.  The post-sentencing

probation report, however, is part of the record and summarized the facts of the Cal Fire Report, which we rely on here.

In the very early morning hours of July 17, 2022, a man named "Heller" told defendant he was not welcome on his property. Shortly thereafter, Heller saw a brush fire, which took him 45 minutes to extinguish. At approximately 5:00 a.m., Heller's girlfriend saw defendant throw a rock at her car as she drove past him.

At approximately 5:30 a.m., Cal Fire responded to a call about the fire. As they approached the property, about one-half mile away, they saw defendant. The officers noted his location and continued to the fire. After speaking to the witness, Cal Fire officers spoke to defendant. Defendant said he was smoking when he left the property and threw a cigarette on the ground as he was leaving. Defendant "stepped on it to put it out and threw it on the gravel road." Defendant denied having anything to do with the fire. Investigators located defendant's discarded cigarette and determined it was the same kind of cigarette they found on defendant. The officers arrested defendant and took him into custody.

The People subsequently charged defendant with willful and malicious arson of a structure or forest (Pen. Code, § 451,[1] subd.(c); count 1), recklessly causing a fire of a structure or forest (§ 452, subd. (c); count 2), willful and malicious arson of property of another during a state of emergency (§§ 451, subd. (d)/454, subd. (a)(2); count 3), and misdemeanor possession of a device used to inject a controlled substance (Health & Saf. Code, § 11364, subd. (a); count 4). The People also alleged defendant was previously convicted of a strike offense, a burglary conviction from 2019. (§§ 667, subd. (a)(1), 1170.12).

---

**1**    Undesignated statutory references are to the Penal Code.

2

Defendant pleaded no contest to count 2, recklessly causing a fire of a structure or forest, a felony. Defendant also admitted to being previously convicted of a strike offense. In exchange for his plea, the People moved to dismiss the remaining charges along with four pending cases and a violation of probation in another case. Defendant stipulated to a six-year state prison sentence: the upper term of three years, doubled for the prior strike offense. Defendant also stipulated to a factual basis for the aggravating circumstances supporting the upper term.

Defendant waived referral to probation and was immediately sentenced in accordance with his negotiated plea agreement. The trial court imposed a minimum restitution fine, imposed but stayed a parole revocation fine, and reserved the issue of victim restitution. Following a *Fares*[2] letter from appellate counsel, the trial court corrected defendant's custody credits and, ultimately, awarded him 21 days total custody credit.

Defendant timely appealed his conviction; the trial court denied his request for a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an independent examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

---

[2] *People v. Fares* (1993) 16 Cal.App.4th 954.

3

DISPOSITION

The judgment is affirmed.


_____\s_____,
McADAM, J.*


We concur:


_____\s_____,
DUARTE, Acting P. J.


_____\s_____,
KRAUSE, J.

---

*     Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution