Filed 10/4/23  P. v. Micheletti CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>ROBERT IVAN MICHELETTI,<br>        Defendant and Appellant. | A167826<br><br>(Napa County<br>Super. Ct. No. 22CR000012) |

Defendant Robert Micheletti pleaded no contest to felony vandalism and, pursuant to his plea agreement, the court sentenced him to 32 months in state prison.  Micheletti filed a notice of appeal challenging the validity of his plea and his sentence.  His appointed appellate counsel filed a brief asking this court to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Micheletti was informed of his right to file a supplemental brief, but has not filed one.  We have independently reviewed the record in accordance with our *Wende* obligations and find no arguable error that would result in a disposition more favorable to Micheletti.  We affirm.

1

## BACKGROUND

On January 6, 2022, Napa County prosecutors charged Micheletti by complaint with felony vandalism over $400 (Pen. Code, § 594, subd. (b)(1)),[1] misdemeanor commercial burglary (§ 459.6), misdemeanor possession of burglary tools (§ 466), misdemeanor receiving stolen property (§ 496, subd. (a)), and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364, subd. (a)). According to the probation report, Micheletti used a crowbar to pry open a jewelry case inside a Walmart store, causing over $1,000 in estimated damage to two locks. The complaint also alleged that Micheletti had suffered two prior serious or violent felony convictions for burglary (§ 459) in San Mateo County in 1985 and 1992, respectively, which qualify as strikes (§ 667, subd. (d)).

On or about October 21, 2022, Micheletti was sentenced to four years in state prison on a different burglary case from Alameda County.

At the March 24, 2023 hearing in this case, as part of a negotiated disposition, Micheletti pleaded no contest to felony vandalism and admitted one of the two prior strikes (the 1992 burglary). The court dismissed the remaining counts. Consistent with the plea agreement, the trial court sentenced Micheletti to 32 months in state prison (a low term of 16 months, doubled due to the strikes), to run concurrently with his Alameda County sentence. The court calculated eight days of total time credits: four credits for actual days served and four conduct credits. The court ordered victim restitution in an amount to be determined. It also imposed a $300 restitution fine and suspended the $300 parole revocation fine.

---

[1] Undesignated statutory references are to the Penal Code.

2

The March 30, 2023 abstract of judgment reflected the court's oral pronouncement described above, along with an additional $40 court operations assessment and $30 conviction assessment.

On May 5, 2023, Micheletti filed a notice of appeal challenging the validity of his plea and his sentence. He requested a certificate of probable cause, explaining his belief that "he was misadvised as to the number of pre-sentence credits he would be entitled to where the sentence in this case was imposed concurrently to an Alameda County case for which he was already serving prison sentence at the time of his plea and sentencing in this case." The trial court granted the request for a certificate of probable cause.

On May 12, 2023, Micheletti sent a handwritten letter to the trial court asserting that it had "come to [his] attention that the 'credit part of the plea [bargain] has been done wrong.'" He specified that "the plea/sentence is correct," but "the credit has been left out." Micheletti asserted that he had been "doing time" on the instant case from January 7, 2022, to March 24, 2023, and so was entitled to 892 days of total time credits: 446 actual and 446 conduct.

On July 5, 2023, Micheletti's appointed appellate counsel filed a letter with the trial court pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954. (See *id.* at p. 960 ["We therefore urge counsel presented with apparent error in the calculation of presentence custody credits to attempt correction in the trial court before elevating the issue to the stature of formal appeal"].) Counsel asked the trial court to correct the March 30, 2023 abstract of judgment to (1) reflect nine (rather than eight) days of total time credits, as Micheletti was not given any custody credit for the one day served at Napa County jail when he was arrested on October 30, 2021; (2) stay the $300 restitution fine given Micheletti's inability to pay based on length of

3

incarceration and illness; and (3) strike the $40 court operations assessment and $30 conviction assessment. The court issued an amended abstract of judgment with each of those corrections on August 11, 2023.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues. Counsel represented Micheletti at the March 24, 2023 hearing. Before entering his no contest plea, the court advised Micheletti of his rights. The court found Micheletti had knowingly, voluntarily, and intelligently waived his rights and his plea was voluntary. The 32-month prison sentence imposed appears to be authorized by law, and complied with the plea agreement. (See §§ 594, subd. (b)(1) [vandalism above $400 punishable by imprisonment pursuant to 1170, subd. (h)]; 1170, subd. (h)(1) [sentencing triad of 16 months, two years, or three years]; 667, subd. (e)(1) [doubling term for strike].) The trial court amended the abstract of judgment to correct the total time credits to nine days, stay the restitution fine, and strike the court operations and conviction assessments.

Micheletti's letter seeking 892 days of total time credits appears to have been based on the misperception that since his sentence in this case was to be served concurrently with the earlier Alameda County burglary, he must receive credit in this case going back to his time in presentence custody for the Alameda County burglary, over a year before he agreed to plead no contest in this case. The trial court agreed with Micheletti's counsel that one day should be added to his total credits, but not with Micheletti's assertion that he should get credit for 892 days more, since the court amended the abstract of judgment accordingly.

4

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to Micheletti within the meaning of *Wende*.

## DISPOSITION

The judgment is affirmed.

_____
Markman, J.*


We concur:


_____
Richman, Acting P.J.


_____
Miller, J.


*People v. Micheletti* (A167826)


     * Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.