Filed 10/17/23  P. v. Taamai CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097526 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE003244) |
| v. | |
| PENIAMINA TAAMAI, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Peniamina Taamai filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After independently examining the record, we shall affirm.

## I. BACKGROUND

In April 2021, defendant and codefendant Brent Harding[1] were charged in an amended consolidated complaint with first degree robbery (Pen. Code, § 211—count 1)[2] while inflicting great bodily injury (§ 12022.7, subd. (a)), and first-degree residential burglary (§ 459—count 2). It was further alleged that defendant had a prior strike conviction (§§ 667, subds., (b)-(i), 1170.12) based on a 2017 first degree residential robbery conviction.

Defendant's bail was originally set at $150,000 and subsequently increased to $2 million. The trial court later denied defendant's motion to lower bail based on his inability to pay. The trial court ordered defendant held without bail after finding there was clear and convincing evidence that defendant posed a major risk to public safety given his previous home invasion robbery conviction shortly before the current home invasion robbery charges and that no less restrictive conditions short of detention were available.

In September 2022, defendant pled no contest to count 1 and admitted the great bodily injury enhancement and the prior strike conviction in exchange for dismissal of count 2 and an aggregate determinate term of 15 years in state prison, including a stipulated upper term of six years, doubled to 12 years for the strike prior, plus three years for the great bodily injury enhancement. The parties stipulated to the following factual basis for the plea: On January 28, 2021, defendant and codefendant Harding unlawfully and by means of force took personal property from the victim; they broke into the victim's home while he was present, applied force to him causing a head laceration that required four staples and other medical treatment, and stole jewelry, cash, a firearm,

---

[1] Codefendant Harding is not a party to this appeal.

[2] Undesignated statutory references are to the Penal Code.

and the victim's car.  Defendant had previously been convicted of a first degree residential robbery in 2017.

In October 2022, the trial court sentenced defendant to the stipulated upper term of 15 years in prison and granted the People's motion to dismiss count 2 as well as another trailing matter.  The court awarded defendant 599 actual days of credit and 89 days of conduct credit (§ 2933.1, subd. (c)).[3]  The court imposed a $4,500 restitution fine (§ 1202.4), a $4,500 parole revocation restitution fine, which was suspended unless parole was revoked (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 court facilities assessment (Gov. Code, § 70373).  The court also awarded direct victim restitution in the amounts of $231,390 and $17,983, to be paid jointly and severally by defendant and codefendant Harding.

Defendant timely appealed.  The trial court granted his request for a certificate of probable cause.

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[3] The abstract of judgment originally listed 88 days of conduct credit, but following a letter from appointed appellate counsel pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954, the trial court corrected the abstract of judgment to reflect the 89 days of conduct credit the court orally awarded at sentencing.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

MESIWALA, J.