[No. D017155. Fourth Dist., Div. One. June 21, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL RICHARD FARES, Defendant and Appellant.

COUNSEL

Tracy L. Emblem, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**FROEHLICH, J.**—Michael Richard Fares was convicted by a jury of grand theft. (Pen. Code,[1] 487, subd. 1.) His probation for two prior convictions was revoked and he was sentenced on all three convictions. Fares's appeal does not challenge the trial or verdict in any respect. His one contention of error relates to the computation of presentence custody credits made by the trial court at the time of sentencing. He had spent 95 days of actual custody on one of the cases with respect to which probation was revoked. The court gave him credit for these 95 days, but added no section 4019 credits. Section 4019 provides that a prisoner will earn additional presentence credits for time previously served (when his work performance and behavior have been satisfactory).

The unusual mathematical calculation required to derive section 4019 credits from actual time served has given rise to a number of appellate pronouncements. (See *In re Jackson* (1986) 182 Cal.App.3d 439 [227 Cal.Rptr. 303]; *People v. Bobb* (1989) 207 Cal.App.3d 88 [254 Cal.Rptr. 707]; *People v. Bravo* (1990) 219 Cal.App.3d 729 [268 Cal.Rptr. 486].) ▮ ▬ ▮ ▮ Based on Fares's admitted service of 95 presentence actual custody days, the application of the mathematical formula prescribed by section 4019 produces 46 additional days of credits.[2] The court awarded "zero days [section] 4019 . . . credits," and it is solely this ruling which gives rise to the appeal.

The respondent calls our attention to the fact that Fares at an earlier time waived his right to 37 days of section 4019 credits in return for the privilege

---

[1]All statutory references are to the Penal Code unless otherwise specified.

[2]There is no dispute as to the actual time served (95 days) and there is agreement as to the applicability of the formula prescribed by section 4019. Nevertheless, the parties differ in their ultimate computation. Appellant contends the application of the formula results in a 47-day credit, while respondent figures the time to be 46 days. The difference lies in the question of "rounding up" fractional days. Since the statute has been interpreted to preclude "rounding up" (*People v. Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515]), we conclude the respondent's calculation of 46 days is correct.

of participation in a work furlough program. Appellant's reply brief, while not responding directly to this assertion, does not dispute it. The record, in the form of the probation officer's report at time of sentencing, reflects the prior waiver of section 4019 credits. It would initially appear, therefore, that there is no factual dispute. Fares was entitled to 46 days of section 4019 credits less the 37 he had waived, or a total of an additional 9 days. We initially determined to order that the judgment be so modified. Having given notice in our first published opinion that we intended to grant an additional 9 days of credit, we then received a motion for rehearing from appellant supplementing the record with information not previously provided, tending to show that the appellant was entitled to 41 days of presentence credit rather than 9 days. In reply to this motion the Attorney General argues that the documentation is simply conflicting and that there is no reasonable manner in which the conflict can be resolved by the Court of Appeal. The Attorney General wisely points out that this is the sort of determination trial courts are in the best position to make, aided by their administrative support including the probation department. In this posture of the case we decline to make a final ruling and return the case to the trial court for redetermination of custody credits.

We are disturbed that this attempt at a minor correction of a sentence error has required the formal appellate process. The error in question in any view of the matter that we can conceive must be deemed clerical, inadvertent, or at most negligent. A review of the transcript of proceedings at time of sentencing would suggest that the judge was simply inadequately advised on the question of section 4019 credits.[3] The more scrupulous investigation of the record eventually made by respondent discloses the waiver of 37 days of credit, but still does not explain the judge's selection of "zero" instead of the correct calculation of 9 days' credit. After several months now of appellate procedures, we are *still* not in a position to make a conclusive decision on this seemingly trivial matter of the award of custody credit.

---

[3]The record reflects only a brief discussion among the court, the probation officer and defense counsel as follows:

"PROBATION OFFICER: Do you know what the credits are?

"DEFENSE COUNSEL: I do not know the credits.

"PROBATION OFFICER: I have no idea what the custody credits will be on that case, your Honor.

"DEFENSE COUNSEL: I think perhaps, you know, you could probably phone that in, he could stipulate that the credits, or whatever you determine that they are. I don't think it should hold up the sentencing.

"THE COURT: How would we determine the credits on this case?

"PROBATION OFFICER: I can make a phone call and find out the custody credits right now, if you wish. May I have the case number again?

"THE COURT: Let me hand you the file."

The court thereafter, without further discussion, but on the advice of the probation officer, granted 95 days of actual custody credit and zero days of section 4019 credit.

Is not there a better way of going about this sort of corrective jurisprudence than by including it in a formal appeal, especially when it is the *only* ground of appeal? There is! ■ The most expeditious and, we contend, the appropriate method of correction of errors of this kind is to move for correction in the trial court. It is the obligation of the superior court, under section 2900.5, to calculate the number of credit days and include same in the abstract of judgment (§ 2900.5, subd. (d)). If a dispute arises as to the correct calculation of credit days, such should be presented on noticed motion "for resolution to the court which imposed the sentence and which has ready access to the information necessary to resolve the dispute." (*People* v. *Hyde* (1975) 49 Cal.App.3d 97, 102 [122 Cal.Rptr. 297] (hereafter *Hyde*).)

There is no time limitation upon the right to make the motion to correct the sentence. "The . . . effect of the court's failure to comply with [section 2900.5, subdivision (d)] [is] to render its initial finding and resulting sentence a nullity. It follows that once appropriately apprised of its inadvertence, the court therein [becomes] licensed to impose a proper finding and sentence. [Citations.]" (*People* v. *Brite* (1983) 139 Cal.App.3d 950, 955-956 [189 Cal.Rptr. 283] (hereafter *Brite*).) The court's power to correct its judgment includes corrections required not only by errors of fact (as in the mathematical calculation) but also by errors of law. (*Id.* at p. 956, fn. 11.)

It must be acknowledged that our conclusion as to the most appropriate method of resolving errors in presentence custody credit calculation is contrary to the holding in *People* v. *Lynn* (1978) 87 Cal.App.3d 591 [151 Cal.Rptr. 562] (hereafter *Lynn*). An admirably brief and direct opinion from our own court, *Lynn* held that an error in determination of custody credits must be addressed by timely appeal and cannot be raised at the trial court level after expiration of the time for appeal. *Lynn* distinguished *Hyde* on the ground that at the time of *Hyde* section 2900.5 did not provide for court determination of custody credits, and hence "[t]he remedy lacking when *Hyde* was decided is now available at sentencing and review may be had on appeal from the judgment." (*Lynn, supra,* at p. 593.)

*Lynn* was reviewed and criticized in *People* v. *Underwood* (1984) 162 Cal.App.3d 420, 423 [208 Cal.Rptr. 623] (hereafter *Underwood*). *Underwood,* like *Lynn* and the case presently before us, dealt with a postsentence claim of error in calculation of credits. *Underwood* questioned whether correction of an error in calculation could be constitutionally precluded simply by the passage of time, and suggested that *Lynn* had given no consideration to the circumstances creating the error in the first place. In *Underwood,* as in our case, "the credit issue was not fully argued and the full

facts concerning it were not presented at the sentencing hearing. The trial court did not fulfill its statutory obligation to ascertain the appropriate amount of presentence custody credits to which defendant was entitled." (*Id.* at p. 423.) Under these circumstances the *Underwood* court declined to follow the *Lynn* precedent.

We are persuaded by the reasoning of *Underwood*, and we also decline to follow *Lynn*. As stated in *Hyde*, the calculation of custody credits in the ordinary case is little more than a ministerial review of the record and an arithmetic calculation. We can perceive no reason why a defendant should lose his entitlement to credits simply because of inadvertence or mathematical error of the court, the probation department or his own counsel. We agree with the ruling in *Brite* that when "appropriately apprised of its inadvertence, the court [becomes] licensed to impose a proper finding and sentence," and that there is no time limitation circumscribing this procedure. (139 Cal.App.3d at p. 955.)

In our first published decision in this case we undertook, in the interest of judicial thrift, the task of recomputing the custody credits. The paperwork filed in connection with the motion for rehearing has convinced us that this was an unwise decision. We therefore remand the case to the trial court for further determination of the matter. We are publishing this revised opinion for the purpose of advising counsel that we consider it not the proper function of the Court of Appeal to engage in this business of correction of clerical errors in the computation of credits. ■ A reviewing court has inherent power, on motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 508, p. 494.) Section 1248 provides that the appellate court may order dismissal of any appeal which "is irregular in any substantial particular." We have found no precise authority which authorizes dismissal, or partial dismissal, of an otherwise proper appeal on the ground of availability of an adequate remedy by way of motion in the superior court. The situation is similar, however, to the failure to exhaust administrative remedies, with respect to which dismissal is appropriate. (See Code Civ. Proc., § 1094.5; Eisenberg, Horvitz & Wiener, Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 1992) Motions, Applications and Requests, ¶ 5:35.5, pp. 5-8.) Where a remedy is available in a lower echelon of judicial administration, recourse to such should be required before the resort to appellate review. This is particularly true in situations, such as this, in which the remedy depends upon factual findings better determined by the lower tribunal, and to which the underlying record is more readily available. Also, when the miscalculation of custody credits is clearly in error, as appears often to be the case, the remedy by way of motion in the trial court will be more timely, effective, and much less costly to the system.

We therefore urge counsel presented with apparent error in the calculation of presentence custody credits to attempt correction in the trial court before elevating the issue to the stature of formal appeal. If the dispute cannot be resolved by motion in the superior court, appeal is always available. Counsel should be warned, however, that this court reserves the right in the future summarily to dismiss appeals directed to correction of presentence custody calculations when it appears that prior resort to the superior court in all likelihood would have afforded an adequate remedy.

## DISPOSITION

The judgment is affirmed. The case is remanded to the trial court, however, with instructions that the court reconsider the information before it, including such additional information as it may determine appropriate, and render a revised order correctly determining the number of days of custody credit to which the appellant is entitled.

Wiener, Acting P. J., and Work, J., concurred.