Filed 8/28/13  P. v. Barajas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C073127 |
| Plaintiff and Respondent, | (Super. Ct. No. CR028835) |
| v. | |
| JULIO A. BARAJAS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Julio A. Barajas has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall affirm the judgment.

**BACKGROUND**

On May 19, 2011, defendant unlawfully entered a commercial building occupied by Big Valley Mill and Bieber Power Plant with the intent to commit larceny.

1

Defendant pleaded guilty to second degree burglary (Pen. Code, § 459)[1] and admitted a prior strike (§ 667, subds. (b)-(i)).  He was sentenced on May 29, 2012.  The trial court imposed the stipulated term of two years eight months in state prison, imposed various fines and fees, and awarded 189 days of presentence conduct credit (127 actual and 62 conduct).

On December 14, 2012, defendant filed a pro per motion to correct the award of presentence credits to 127 days of conduct credits.  The trial court denied the motion, which denial is the subject of defendant's pro per notice of appeal.[2]

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] The denial of the motion to modify the award of credits is an appealable as an order after judgment affecting the substantial rights of the party (§ 1237, subd. (b)).  (See § 1237.1 ["No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first  [*7] presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court"]; (*People v. Fares* (1993) 16 Cal.App.4th 954, 958 ["There is no time limitation upon the right to make [a] motion to correct the sentence"].)

2

## DISPOSITION

The judgment is affirmed.

               DUARTE          , J.

We concur:

         MURRAY         , Acting P. J.

         HOCH         , J.

3