Filed 10/30/13  P. v. Wilkes CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID G. WILKES,<br><br>    Defendant and Appellant. | A136901<br><br>(Contra Costa County<br>Super. Ct. No. 051212737) |

David G. Wilkes appeals from a conviction of resisting an executive officer, entered upon his plea of no contest.  At sentencing, appellant was released because his credits for presentence time served exceeded the two-year sentence imposed.  His sole contention is that the trial court erred in failing to award the credits that exceeded the two year sentence against his parole period.  He asks this court to correct the asserted error and award the credits, which would decrease his three-year parole term by two months.  We conclude there is no relief we can grant, and affirm the judgment.

STATEMENT OF THE CASE[1]

Appellant was charged by information filed on August 8, 2012, with one count of resisting an executive officer (Pen. Code, § 69)[2] and one count of assault by force likely to produce great bodily injury (§ 245, subd. (a)(1)).  It was alleged that appellant had

---

[1] As the facts underlying appellant's conviction are of no relevance to the single issue on appeal, no purpose would be served by reciting them here.

[2] All further statutory references will be to the Penal Code unless otherwise specified.

1

suffered two prior strike convictions (§§ 667, subds. (b)–(i), 1170.12) and served three prior separate prison sentences (§667.5, subd. (b)), and that he was ineligible for probation due to his criminal history (§ 1203, subd. (e)(4)). Appellant was arraigned on August 13 and entered a plea of not guilty.

On September 19, pursuant to a plea agreement, appellant entered a plea of no contest to the charge of resisting an executive officer and the other charge and enhancement allegations were dismissed. Appellant was sentenced to the midterm of two years in prison. He was awarded a total of 790 presentence custody credits, reflecting 395 days of actual custody and 395 days of conduct credit. As the presentence credits exceeded the two year sentence, appellant was released on three years parole; the court's minutes and the abstract of judgment indicate "paper commitment."

On October 12, 2012, this court denied a petition for writ of error *coram nobis* filed by appellant in pro per, but directed the clerk to file the in pro per notice of appeal attached to the petition in the Contra Costa Superior Court.[3] On October 23, appellant, in pro per, filed a request for a certificate of probable cause in the trial court. On May 18, 2013, appellant's attorney served by mail an ex parte motion seeking an order awarding 60 of appellant's presentence custody credits toward his parole term, an amended abstract of judgment reflecting this adjustment, with service on the California Department of Corrections and Rehabilitation Parole Division, and preparation of a supplemental clerk's transcript to be filed in the present case. This motion was filed by the trial court on May 29 and denied the same day. Appellant's request for a certificate of probable cause was denied by order filed on May 30, 2013.

---

[3] During the pendency of the trial court proceedings, prior to the filing of the information, appellant filed several writ petitions in pro per, each of which was denied by this court. (See, A133850 [petition for writ of habeas corpus denied December 7, 2011], A133886 [writ treated as petition for writ of mandate, denied December 7, 2011], A134415 [petition for writ of mandate denied February 2, 2012], A135780 [petition for writ of mandate denied July 3, 2012].)

2

DISCUSSION

Appellant contends the trial court erred in failing to credit his excess presentence credits against his parole period, asking this court to order the trial court to correct the abstract of judgment to reflect that he had already served 60 days of the three-year parole term. As indicated above, appellant's 790 days of presentence credit exceeded the two year prison term (730 days) to which he was sentenced by 60 days. Appellant cites *People v. Fares* (1993) 16 Cal.App.4th 954, 958, which held that a claim of error in computation of presentence custody credits should be brought to the attention of the trial court before being raised as the sole issue on appeal, and notes the trial court's denial of the motion he filed in that court.

As respondent acknowledges, appellant is correct that the 60 days of presentence credit exceeding his two-year sentence must be credited against his parole term, effectively reducing it by 60 days. (*People v. Lara* (1988) 206 Cal.App.3d 1297, 1303; see, *In re Bush* (2008) 161 Cal.App.4th 133, 141; Cal. Code Regs., tit. 15, §2345.) This requirement is explicitly set forth in the regulations governing the Board of Parole: "If any custody credit remains after deducting it from the offense to which it applies, the remaining credit shall be deducted from the parole period." (Cal. Code Regs., tit. 15, § 2345.) However, there is no relief for this court to grant, as appellant has shown no error in the trial court proceedings or abstract of judgment.

The power to determine the length of a parole period, within the period prescribed by statute, is vested not in the courts but in the Department of Corrections and Rehabilitation (Department). (§§ 3000, subd. (b)(7), 3001.) In appellant's case, the maximum parole period set by statute is three years (§ 3000, subd. (b)(1)), but this period must be reduced by the time required to be credited against the parole period due to the excess time served before sentencing (Cal. Code Regs., tit. 15, § 2345).

Had appellant served his sentence in prison, the Department would have been required to meet with him at least 30 days prior to his good time release date and provide, "under guidelines specified by the parole authority or the department, whichever is applicable, the conditions of parole and the length of parole up to the maximum period of

3

time provided by law." (§ 3000, subd. (b)(7).) Since appellant was released before actually having to serve time in prison, we must presume such a meeting occurred prior to his release after the sentencing hearing, and that the Department has, and will, properly perform its duty. (Evid. Code, § 664.) If appellant has evidence it did not do so, his remedy will be a petition for writ of habeas corpus.

DISPOSITION

The judgment is affirmed.


_____
Kline, P.J.


We concur:


_____
Haerle, J.


_____
Richman, J.


4