Filed 2/9/23  P. v. Shinn CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEXANDER JUDE SHINN,<br><br>    Defendant and Appellant. | F084566<br><br>(Super. Ct. No. VCF373926)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Meehan, J. and DeSantos, J.

Appointed counsel for defendant Alexander Jude Shinn, who was convicted by jury trial of first degree murder, asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## BACKGROUND

In the early morning of December 8, 2018, defendant killed one of his housemates, Brian Alexander Garza, by striking his head with a breaker bar when he was asleep and then strangling him. Defendant dragged the body into his vehicle, returned to clean up the blood, then drove to an orchard and dumped the body. On the way home, he called his mother and confessed. Then he called 911 and confessed. At the police station, after receiving a *Miranda*[1] warning, defendant confessed again in a recorded statement.[2] Defendant's trial theory was that he did kill Garza, but he was guilty of a crime lesser than first degree murder.

On May 27, 2021, the Tulare County District Attorney filed an information charging defendant with murder (Pen. Code, § 187, subd. (a)) and the personal use of a deadly and dangerous weapon in the commission of the murder (Pen. Code, § 12022, subd. (b)(1)).

On February 14, 2022, a jury found defendant guilty of first degree murder and found true the weapon allegation.

On May 5, 2022, the trial court sentenced defendant to 25 years to life, plus one year for the weapon enhancement.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

[2] At trial, witnesses testified to corroborating facts.

On July 1, 2022, defendant filed a notice of appeal.

On December 2, 2022, appellate counsel mailed a letter to the trial court pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954, requesting that the court correct defendant's custody credits by one day to 1,245 days. Because we have no record of a response by the trial court, we will remand for consideration of counsel's letter.

## DISCUSSION

Having undertaken an examination of the entire record, we find no evidence of any arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court to determine whether defendant is entitled to another day of custody credit and, if so, to forward copies of an amended abstract of judgment to the appropriate entities.