Filed 6/20/23  P. v. Castillo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085447 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 17CR-00540B) |
| RICHARD YANEZ CASTILLO, JR., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*Before Detjen, Acting P. J., Franson, J. and Peña, J.

## INTRODUCTION

A jury convicted defendant Richard Yanez Castillo, Jr., of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 1) with a gang enhancement (§ 186.22, subd. (b)(1)) and active participation in a criminal street gang (§ 186.22, subd. (a); count 2) after multiple inmates attacked a fellow inmate in their prison unit. (Undesignated statutory references are to the Penal Code.) Defendant admitted he had two prior serious felony convictions within the meaning of section 667, subdivision (a)(1) that also qualified as strike offenses. The court denied defendant's motion to strike his prior strikes and sentenced defendant to 25 years to life in prison for the assault conviction.

This is the third appeal in this matter. Most recently, we remanded for the trial court to recalculate defendant's custody credits at the time of resentencing and to prepare an amended abstract of judgment reflecting that the court struck the section 667, subdivision (a)(1) prior serious felony enhancements. On remand, the court updated the abstract of judgment to reflect the stricken section 667, subdivision (a)(1) enhancements. The custody credits were initially not updated correctly, but the abstract of judgment was subsequently amended to reflect the appropriate custody credits after defense counsel wrote the court a letter pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954.

Appointed counsel for defendant now asks this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## FACTUAL AND PROCEDURAL

A jury convicted defendant of assault with a deadly weapon (§ 245, subd. (a)(1); count 1) with a gang enhancement (§ 186.22, subd. (b)(1)), and active participation in a criminal street gang (§ 186.22, subd. (a); count 2) based on his involvement in a group

attack on a fellow inmate.  Defendant admitted he had two prior serious felony convictions within the meaning of section 667, subdivision (a)(1) that also qualified as strike offenses.  The court denied defendant's motion to strike his prior strikes (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) and sentenced defendant to 25 years to life in prison for the assault conviction.  This term was enhanced by an additional five years for one prior serious felony enhancement (§ 667, subd. (a)(1)) and another five years for the gang enhancement (§ 186.22, subd. (b)(1)), for a total aggregate prison term of 35 years to life.  The court also sentenced defendant to 25 years to life on the substantive gang conviction (count 2), plus an additional five years for the prior serious felony enhancement (§ 667, subd. (a)(1)), which it ordered to run concurrently with defendant's sentence for assault (count 1).

Defendant appealed from the judgment and we previously remanded this matter for resentencing to permit the trial court to exercise its discretion regarding whether to dismiss defendant's prior serious felony enhancements in light of Senate Bill No. 1393 (2017–2018 Reg. Sess.)[1] and ordered the court to prepare an amended abstract of judgment reflecting that the sentence on count 2 is stayed.  In all other respects, we affirmed the judgment.  On remand, the court stayed the term on count 2, the active gang participation conviction, and reimposed the five-year gang enhancement on count 1 for a total term of 30 years to life.  The court stated it was going to dismiss or stay the punishment on both section 667, subdivision (a)(1) enhancements.  The abstract of judgment listed the section 667, subdivision (a)(1) enhancements as "stayed."

Defendant then appealed from his resentencing hearing, arguing the court erred by staying his section 667, subdivision (a)(1) enhancements because it only had discretion to strike them.  Defendant also asserted the matter should be remanded for the trial court to

---

[1]We further noted the court erred in initially failing to impose both prior serious felony enhancements because it did not have discretion at the time of the original sentencing hearing to strike one of them.

amend the amount of "credit for time-served" listed on the abstract to reflect the amount of time he had served when he was resentenced, which he asserted was 1,612 days. The People agreed the court could either impose or dismiss the section 667, subdivision (a)(1) enhancements and staying them was not an option. They asserted the case should be remanded for the court to exercise its discretion whether to strike or impose the enhancements. They also agreed the case should be remanded for the court to calculate the actual time defendant served in custody and to modify the judgment accordingly. We again remanded for the trial court to recalculate defendant's custody credits at the time of resentencing and to prepare an amended abstract of judgment reflecting the stricken 667, subdivision (a)(1) enhancements.

On remand, the court held a hearing on December 2, 2022, during which it struck the section 667, subdivision (a)(1) enhancements and awarded defendant the following credits: 607 actual credits and 606 conduct credits for a total of 1,213 total days. The court ordered an amended abstract of judgment to be sent to the California Department of Corrections and Rehabilitation. A new abstract of judgment was filed that same day that reflects the stricken section 667, subdivision (a)(1) enhancements and the following credit for time served: 601 "Total Credits," 601 "Actual," and no "Local Conduct" credits.

On February 14, 2023, counsel for defendant wrote the trial court a letter in accordance with *People v. Fares*, *supra*, 16 Cal.App.4th 954, arguing the award of custody credits was incorrect. Defense counsel indicated he "calculated the actual days custody from the date of arrest in this case (January 12, 2017) to the resentencing hearing on remand (December 2, 2022) as 2,151 days." Counsel submitted "that a probation report should be prepared which calculates and updates the custody credits to date, and that the court thereafter issue a corrected minute order and amended abstract of judgment." Counsel noted, "conduct credits need not be awarded."

4.

On March 3, 2023, the court issued another abstract of judgment that included the credits orally stated at the December 2, 2022, hearing—607 actual credits and 606 conduct credits for a total of 1,213 total credits. On March 10, 2023, the court ordered the probation department to prepare a report calculating defendant's custody credits for time served in custody to date, though good time credits did not need to be calculated. The court received a report from the probation department on March 21, 2023, that listed defendant's time served as 2,151 days as of the date of resentencing. Accordingly, in a March 24, 2023, order, the court ordered the preparation of a fourth amended abstract of judgment that corrects defendant's custody credits to a total of 2,151 actual days. The court further directed that "CDCR shall calculate any conduct credits earned." A new abstract of judgment reflecting the updated credits was filed on April 24, 2023.

Counsel now asks us to independently review the record on appeal pursuant to *Wende*, *supra*, 25 Cal.3d 436. Defendant did not file a supplemental brief

## DISCUSSION

We appointed counsel, who filed an opening brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, requesting independent review of the record for arguable issues. Appellate counsel notified defendant that he was filing a *Wende* brief and informed defendant that he had 30 days from the filing of the brief to submit any claims, arguments, or issues that he wished our court to review. Our court also sent defendant a letter notifying him he could submit a letter stating any grounds on appeal he wanted our court to hear. We have received no reply from defendant.

We are satisfied no arguable issues exist and defendant's counsel has fully satisfied his responsibilities under *Wende*, *supra*, 25 Cal.3d at pages 441–442 and *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.

## DISPOSITION

The judgment is affirmed.