Filed 10/30/23  P. v. Rodriguez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE ENRIQUE RODRIGUEZ,<br><br>Defendant and Appellant. | F085872<br><br>(Fresno Super. Ct. No. F17902593)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br>[No Change in Judgment] |

**THE COURT:**

It is ordered that the opinion filed herein on October 12, 2023, be modified as follows:

On page 5, the second full paragraph under the heading "Discussion" is deleted and the following paragraph is inserted in its place:

> After a thorough independent review of the record, we agree with defendant's appellate counsel there are no reasonably arguable factual or legal issues in this case.

There is no change in the judgment.  Except for the modification set forth, the opinion previously filed remains unchanged.

The petition for rehearing is denied.

FRANSON, Acting P. J.

WE CONCUR:


PEÑA, J.


SNAUFFER, J.

Filed 10/12/23  P. v. Rodriguez CA5 (unmodified opinion)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE ENRIQUE RODRIGUEZ,<br><br>Defendant and Appellant. | F085872<br><br>(Super. Ct. No. F17902593)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

[*]Before Franson, Acting P. J., Peña, J. and Snauffer, J.

## INTRODUCTION

A jury convicted defendant Jose Enrique Rodriguez of assault with a corporal injury to a spouse/cohabitant (Pen. Code, § 273.5, subd. (a); count 1), assault with a deadly weapon (§ 245, subd. (a)(1); count 2), and torture (§ 206; count 3). The jury also found true allegations defendant personally inflicted great bodily injury (§ 12022.7, subd. (e)) during the commission of counts 1 and 2, and defendant used a deadly weapon during the commission of count 1 (§ 12022, subd. (b)(1)). Defendant admitted he had two prior serious felony convictions within the meaning of section 667, subdivision (a)(1) that also qualified as strike offenses. The court denied defendant's motion to strike his prior strikes and sentenced defendant to 25 years to life on count 1 plus 16 years, comprising five years for each of defendant's prior serious felony convictions (§ 667, subd. (a)(1)), an upper term of five years for the use of a deadly weapon enhancement (§ 12022.7, subd. (e)), and one year for the great bodily injury enhancement (§ 12022, subd. (b)(1)). The court stayed punishment on counts 2 and 3 pursuant to section 654.

This is the third appeal in this matter. We initially remanded for the trial court to exercise its discretion regarding whether to dismiss the two Penal Code section 667, subdivision (a) prior serious felony enhancements in light of Senate Bill No. 1393 (2017–2018 Reg. Sess.). On remand, the court declined to strike either section 667, subdivision (a) enhancement. Then, after resentencing, we remanded the matter again for the trial court to consider its newfound discretion pursuant to Assembly Bill No. 518 (2021–2022 Reg. Sess.) and also directed the court that changes to section 1385 pursuant to Senate Bill No. 81 (2021–2022 Reg. Sess.) would apply at resentencing.

On remand, the court again declined to strike either of defendant's strike priors or prior serious felony enhancements, but it resentenced defendant to the low term on the Penal Code section 12022.7, subdivision (e) enhancements, reducing his determinate sentence to 14 years, and reduced the restitution fine from $10,000 to $300. In all other respects, it reimposed the same sentence previously imposed.

2.

Appointed counsel for defendant now asks this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

A jury convicted defendant of assault with a corporal injury to a spouse/cohabitant (Pen. Code, § 273.5, subd. (a); count 1), assault with a deadly weapon (§ 245, subd. (a)(1); count 2), and torture (§ 206; count 3). The jury also found true allegations defendant personally inflicted great bodily injury (§ 12022.7, subd. (e)) during the commission of counts 1 and 2 and defendant used a deadly weapon during the commission of count 1 (§ 12022, subd. (b)(1)). Defendant admitted he had two prior serious felony convictions within the meaning of section 667, subdivision (a)(1) that also qualified as strike offenses.

On October 26, 2017, the court denied defendant's motion to strike his prior strikes and sentenced defendant on count 1 to 16 years, comprising five years for each of defendant's prior serious felony convictions (§ 667, subd. (a)(1)), an upper term of five years for the use of a deadly weapon enhancement (§ 12022.7, subd. (e)), and one year for the great bodily injury enhancement (§ 12022, subd. (b)(1)), plus 25 years to life. The court sentenced defendant to state prison for a term of 25 years to life on count 2 plus an upper term of five years for the section 12022.7, subdivision (e) enhancement, and 25 years to life on count 3, though the abstract of judgment and minute order listed the term on count 3 as life with the possibility of parole. Punishment on counts 2 and 3 was stayed pursuant to section 654. The court ordered that defendant was to receive 369 days in credits—321 actual and 48 conduct credits.

Following defendant's first appeal from the judgment, we remanded for the trial court to exercise its discretion regarding whether to dismiss the two Penal Code section 667, subdivision (a) prior serious felony enhancements in light of Senate Bill No. 1393 (2017–2018 Reg. Sess.). On remand, the court declined to strike either section 667, subdivision (a) enhancement. Then, after resentencing, defendant appealed again and we again remanded the matter for the trial court to consider its newfound discretion pursuant to Assembly Bill No. 518 (2021–2022 Reg. Sess.) and any other new laws, and we also directed the court that changes to section 1385 pursuant to Senate Bill No. 81 (2021–2022 Reg. Sess.) would apply at resentencing. Additionally, we directed the court to amend the abstract of judgment to correct the sentence imposed on count 3 to 25 years to life.

The court held another resentencing hearing on March 1, 2023, at which it again declined to strike either of defendant's strike priors or prior serious felony enhancements and reimposed one year for the great bodily injury enhancement (Pen. Code, § 12022, subd. (b)(1)). The court reimposed the same indeterminate sentence of 25 years to life on count 1 but it resentenced defendant to the low term on the section 12022.7, subdivision (e) enhancement, reducing his determinate sentence from 16 years to 14 years. The court sentenced defendant on count 2 to 25 years to life plus the low term of three years for the section 12022.7, subdivision (e) enhancement and 10 years for the two section 667, subdivision (a) prior enhancements, and on count 3 to 25 years to life. The court stayed punishment on counts 2 and 3 pursuant to section 654. The court also reduced the restitution fine from $10,000 to $300. A new abstract of judgment was filed that same day reflecting the modified sentence. There was no indication on the abstract of judgment that defendant had credits for time served.

On May 15, 2023, counsel for defendant wrote the trial court a letter in accordance with *People v. Fares* (1993) 16 Cal.App.4th 954, arguing the award of custody credits was incorrect. Defense counsel indicated he calculated the actual days' custody from the

4.

date of arrest in this case (Jan. 1, 2017) to the resentencing hearing on remand (Mar. 1, 2023) as 2,251 days. He also asserted defendant was entitled to an additional 41 days of local conduct credits. Counsel requested a corrected minute order and amended abstract of judgment be prepared. On May 22, 2023, a modified abstract of judgment was filed reflecting 2,292 total credits—2,251 actual credits and 41 conduct credits.

## DISCUSSION

We appointed counsel, who filed an opening brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, requesting independent review of the record for arguable issues. Appellate counsel notified defendant he was filing a *Wende* brief and informed defendant he had 30 days from the filing of the brief to submit any issues he wished our court to review. Our court also sent defendant a letter notifying him he could submit a letter stating any grounds on appeal he wanted our court to hear. We have received no reply from defendant.

We are satisfied no arguable issues exist and defendant's counsel has fully satisfied his responsibilities under *Wende*, *supra*, 25 Cal.3d at pages 441–442 and *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.

## DISPOSITION

The judgment is affirmed.