Filed 1/6/25  P. v. Esparza CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSE LUIS VALDEZ ESPARZA,<br><br>  Defendant and Appellant. | F087411<br><br>(Super. Ct. No. BF184712A)<br><br><br>**OPINION** |

-ooOoo-

### <u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]  Before Peña, Acting P. J., Smith, J. and DeSantos, J.

Defendant Jose Luis Valdez Esparza was convicted by a jury of second degree murder and robbery. The jury also found true a weapon enhancement as to each count. On defendant's first appeal, we vacated his sentence and remanded the matter for resentencing in light of the statutory changes effected by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) which created a presumption in favor of the lower term for all persons who committed offenses while under the age of 26. In all other respects, we affirmed. (*People v. Esparza* (June 1, 2023, F083695) [nonpub. opn.] (*Esparza*).) The trial court resentenced defendant and defendant again appealed.

Defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking the court to determine whether there were any arguable issues on appeal. Defendant was afforded an opportunity to submit a supplemental brief but failed to do so in the time allotted. We have conducted an independent review of the record and find no error. We affirm.

## PROCEDURAL SUMMARY

On May 17, 2021, the Kern County District Attorney filed an information charging defendant with the murder of Corey Wayne Thomas (Pen. Code, § 187, subd. (a);[1] count 1) and robbery (§ 212.5, subd. (c); count 2). Both counts included allegations that defendant personally used a deadly or dangerous weapon, specifically, a knife. (§ 12022, subd. (b)(1).)

On September 13, 2021, a jury found defendant not guilty of first degree murder, but guilty of second degree murder on count 1, and guilty of robbery on count 2. The jury also found true that defendant personally used a deadly or dangerous weapon, namely a knife, within the meaning of section 12022, subdivision (b)(1), in relation to both offenses.

On December 17, 2021, the trial court sentenced defendant to an aggregate term of five years plus 15 years to life in prison as follows: on count 1, 15 years to life, plus a

---

[1] All further statutory references are to the Penal Code.

one-year enhancement pursuant to section 12022, subdivision (b)(1); and on count 2, three years (the middle term), plus a one-year enhancement pursuant to section 12022, subdivision (b)(1), to be served consecutively to the term on count 1.

On June 1, 2023, we vacated defendant's sentence and remanded for resentencing. (*Esparza*, *supra*, F083695)

On December 19, 2023, the trial court resentenced defendant to an aggregate term of four years plus 15 years to life in prison as follows: on count 1, 15 years to life plus a one-year enhancement pursuant to section 12022, subdivision (b)(1); and on count 2, two years (the lower term), plus a one-year enhancement pursuant to section 12022, subdivision (b), to be served consecutively to the term on count 1.

On the same date, defendant filed a notice of appeal.

On April 25, 2024, defendant's appellate counsel sent a *Fares*[2] letter to the trial court, requesting recalculation of custody credits. Specifically, counsel indicated that defendant was entitled to 1,009 days' credit as of the date of resentencing.

On July 31, 2024, the trial court issued an amended abstract of judgment, reflecting that defendant had credit for 1,009 days served as of the date of his resentencing.

## FACTUAL SUMMARY[3]

"On December 15, 2020, Corey Wayne Thomas was stabbed outside of a motel in Bakersfield. Much of the incident—albeit not the stabbing

---

[2] *People v. Fares* (1993) 16 Cal.App.4th 954.

[3] Our review is limited to issues arising from defendant's resentencing and any ameliorative changes in law arising after the opinion on his initial appeal from which defendant may benefit. (See *People v. Lopez* (2023) 93 Cal.App.5th 1110, 1118–1120 [when a judgment of conviction is affirmed but a sentence is vacated, the judgment remains nonfinal for purposes of retroactive application of ameliorative changes in law].) While we do not consider the issues defendant did raise or could have raised in his first appeal, we repeat the factual summary from our opinion on defendant's prior appeal (which is contained in our record) because we consider those facts in deciding whether defendant is entitled to the benefit of any ameliorative changes in the law. We omit the summary of the gang evidence admitted at trial as the issue of its admission was wholly resolved in defendant's prior appeal.

3.

itself—was captured on a motel surveillance video. Thomas was exercising outside of the motel. Defendant, who was wearing a blue bandana and a blue cap, rode up on a skateboard. The two interacted briefly, although it is unclear what they said to each other as the surveillance video had no sound, and no witnesses testified about the exchange. A woman walked up to Thomas to ask if Thomas had a charger for her ankle monitor. While Thomas's back was turned, defendant took Thomas's jacket off the fence where it was hanging and started walking away. Thomas turned and saw his jacket was being stolen and ran after defendant, kicking defendant in the face. Defendant dropped the jacket, which Thomas retrieved, and then Thomas chased after defendant into an adjacent lot while carrying the jacket, a black Puma bag, and a wireless speaker. Video then shows him retreating to the parking lot, having apparently been stabbed off-screen. The entire conflict lasted approximately 20 seconds.

"Thomas was stabbed three or four times with a sharp object. He was transported to Kern County Medical Center, where he died from his injuries. Several of Thomas's injuries were described as defensive wounds by the prosecution's forensic pathologist.

"Significant evidence established Thomas, who went by the nickname 'Psycho,' was known to be a violent and aggressive person. The jury heard evidence of instances in which Thomas threatened a grocery store manager with a hammer; threatened to kill a police officer and his family; acted erratically and aggressively; and threatened people with a knife. He had the words 'unstable record' and '5150' tattooed on his face, the latter in reference to Welfare and Institutions Code section 5150, which authorizes involuntary detention for people who are a danger to themselves or others.

"There was also ample evidence from which the jury could have concluded Thomas regularly used methamphetamines, including on the day of his death. He was arrested on numerous occasions in possession of drug paraphernalia. Witnesses testified Thomas smoked methamphetamine earlier on the day of his death and was acting erratically and aggressively at the time of the conflict with defendant.

"Defendant was not identified immediately after the stabbing. Both defendant and Thomas were homeless at the time and were mostly known to witnesses only by their nicknames. Witnesses could only identify the assailant as 'KJ.' Searching records of text messages of witnesses present outside the motel during the conflict revealed a text to one of them from an individual identifying himself as 'KJ.' That text provided the police with a phone number, which allowed the police to identify defendant through the phone company's records. Once the police obtained access to defendant's phone and e-mail records from the phone company, defendant was

4.

identified by his nickname, his given name, his mother's street address, his birthdate, and photographs of himself he had sent to other people. Defendant's ex-girlfriend testified defendant indeed went by the name 'KJ.' After the police learned defendant's identity, an arrest warrant was issued for him. A cell phone found on defendant's person when he was ultimately arrested confirmed the phone records were linked to him, as the same text messages were found on that phone as had been supplied by the phone company.

"The fact of defendant stabbing Thomas was not contested. Defendant stayed at the same motel with his former girlfriend in January 2021, approximately a month after the stabbing. While there, he confessed to her he was uncomfortable staying there because he had previously stabbed someone at that specific motel. Further, e-mail and text records showed numerous references to the stabbing, including text messages referencing the stabbing sent the day after it occurred. Defendant's phone also showed Internet searches were conducted seeking news about the stabbing, including searches for the victim by name.

"Instead, defendant contended he acted in self-defense. In particular, the defense focused on the fact Thomas began the physical altercation and was known to be a violent and erratic individual. The defense noted Thomas kicked defendant in the face upon seeing his jacket was being taken by defendant. Further, while no weapons were found on or near Thomas after the stabbing, he did have possession of a portable speaker that the defense implied he used to assault defendant. However, other evidence tended to indicate defendant stole more of Thomas's property following the stabbing. The day after the altercation, a Los Angeles Dodgers backpack was located near an overpass for Highway 99, along with several other items, all of which were identified as belonging to defendant. Police also located a black duffel bag with bloodstains on it as well as a sweatshirt that belonged to Thomas.

"Defendant was also charged with and tried for the robbery of a department store on March 16, 2021, alongside the murder charge. Two different security personnel from the department store testified defendant entered the store on that day and quickly selected several items bearing insignia of the Los Angeles Dodgers. After walking around the store and briefly standing in line as though he intended to purchase the items, defendant left carrying the items without having paid for them. As he was exiting the store, security personnel contacted defendant. Although he was approximately 20 feet away from the employees at that point, defendant waved a knife over his head. Store employees made no further attempts to intervene and stop defendant. Defendant was stopped by Bakersfield police a short while later wearing a Los Angeles Dodgers sweatshirt he had just stolen from the store. Defendant was also arrested

5.

for Thomas's murder on the outstanding arrest warrant at that time."
(*Esparza*, *supra*, F083695.)

## DISCUSSION

As noted above, defendant's counsel filed a *Wende* brief identifying no basis for relief and asking that we review the record to determine whether there were any arguable issues on appeal. Having carefully reviewed the entire record, we conclude that there is no arguable issue on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.