Filed 2/28/25  P. v. Davis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIS DAVIS,<br><br>    Defendant and Appellant. | C100317<br><br>(Super. Ct. Nos. STK-CR-CNV-1997-17439, SP061873A) |

Over 26 years into his 15-years-to-life sentence for second degree murder, and long after his judgment had become final, defendant Willis Davis moved in the trial court for additional presentence credit.  The court summarily denied his request.  On appeal, he contends that the court abused its discretion and asks us to remand the matter for an evidentiary hearing at which the trial court can calculate the proper credit award.  We conclude that we lack jurisdiction to consider Davis's contention.  We therefore dismiss the appeal without prejudice to Davis's ability to file a petition for a writ of habeas corpus.

1

BACKGROUND

In October 1997, the trial court sentenced Davis to prison for 15 years to life following his conviction for second degree murder (Pen. Code, § 187).[1] The court awarded him 117 days of credit, consisting of 102 actual days and 15 days of conduct credit.

In November 2023, Davis, acting in propria persona, filed a motion in the trial court requesting additional presentence credits and a full resentencing. He argued that he was entitled to 60 additional days of credit (for a total of 154 actual days and 23 days of conduct credit) for time he spent in a juvenile detention facility between May 7 and June 27, 1997, before being booked into county jail.

In January 2024, without appointing an attorney or holding an evidentiary hearing, the trial court denied Davis's motion, reasoning that there was "insufficient proof provided regarding credits to change the award of credits at this time." The court denied "[a]ll other requests" as well.

DISCUSSION

On appeal, Davis contends that the trial court abused its discretion by summarily denying his motion for additional credits. He asks us to remand the matter for an evidentiary hearing so the trial court can calculate the proper award. The People concede error and agree the matter should be remanded.

We must first consider whether we have jurisdiction to consider Davis's appeal. "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any

---

[1] Undesignated statutory references are to the Penal Code.

appeal from such an order must be dismissed.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634; see also *id.* at p. 640, fn. 6 ["if the trial court has no jurisdiction, no appeal lies"].)

In *People v. Boyd* (2024) 103 Cal.App.5th 56, 62-63 (*Boyd*), the Court of Appeal held that the trial court lacked jurisdiction to entertain a postjudgment motion to recalculate custody and conduct credits filed by a defendant who was nearly 17 years into his sentence. The court explained that, while a trial court has inherent power to correct clerical errors at any time, the defendant in that case was arguing that the trial court had committed judicial error by selecting the wrong date for his credits to start accruing. (*Id.* at pp. 63-64.) The court further rejected the defendant's reliance on the principle that an unauthorized sentence may be corrected even after a defendant starts to serve the sentence. (*Id.* at pp. 65-69.) The court reasoned that " 'the unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence after the conviction is final and after the execution of the sentence has begun.' " (*Id.* at p. 67, quoting *People v. King*, *supra*, 77 Cal.App.5th at pp. 641-642.) Instead, the proper procedure is for a defendant to file a petition for a writ of habeas corpus. (*Boyd*, at p. 68 ["the availability of habeas corpus relief to correct unauthorized sentences suggests that trial courts do *not* have inherent jurisdiction to correct such sentences"].)

The same conclusion follows here. When Davis filed his motion in 2023 seeking recalculation of his credit award, his criminal judgment was long final, and execution of his sentence had begun. His claim that the judgment failed to award him credit for time spent in juvenile custody alleges judicial, rather than clerical, error. (*Boyd*, *supra*, 103 Cal.App.5th at p. 63.) And any assertion that the erroneous calculation of credit rendered his sentence unauthorized does not provide a basis for the trial court's jurisdiction. (*People v. King*, *supra*, 77 Cal.App.5th at pp. 634-637.) Accordingly, as in

3

*Boyd*, the trial court in this case lacked jurisdiction to entertain Davis's motion, and its order is not appealable. (*Boyd*, at pp. 63-69.)

In asserting that this court has jurisdiction to consider his appeal, Davis cites sections 4019 and 1237.1, *People v. Fares* (1993) 16 Cal.App.4th 954, and *People v. Hyde* (1975) 49 Cal.App.3d 97. Neither section 4019 nor section 1237.1, however, provides a procedural mechanism for an incarcerated defendant to challenge a credit award in the posture present here. In *People v. Fares*, the Court of Appeal broadly stated that there "is no time limitation upon the right to make the motion to correct the sentence." (*People v. Fares*, *supra*, at p. 958.) But for reasons we have explained, we conclude that a trial court may modify an erroneous credit calculation only when it otherwise may exercise jurisdiction. Finally, the court in *Boyd* comprehensively explained why *People v. Hyde* does not establish that a trial court has jurisdiction to consider a freestanding motion to recalculate presentence credit filed long after a criminal judgment has become final. (*Boyd*, *supra*, 103 Cal.App.5th at pp. 69-70.) We agree with that conclusion.

The proper mechanism for Davis to seek modification of his credit award is through a petition for a writ of habeas corpus. (*Boyd*, *supra*, 103 Cal.App.5th at p. 71; *People v. King*, *supra*, 77 Cal.App.5th at p. 640.) Although we have the authority to construe Davis's appeal as such a petition (*Boyd*, at p. 72), we decline to do so under the circumstances present here. Unlike in *Boyd*, the trial court in this case has made no determination that Davis is entitled to additional credits, and the parties do not agree on any revised calculation. (See *id.* at p. 62.) The trial court is the appropriate forum to address those matters in the first instance on a properly filed and supported petition for a writ of habeas corpus. (See *In re Masters* (2019) 7 Cal.5th 1054, 1077 [" 'To obtain relief, [a petitioner for a writ of habeas corpus] must prove by a preponderance of the evidence the facts that establish entitlement to relief' "].) Accordingly, we will dismiss

4

the appeal for lack of jurisdiction without prejudice to Davis seeking a writ of habeas corpus in the trial court.[2]

DISPOSITION

The appeal is dismissed for lack of jurisdiction without prejudice to Davis filing a petition for a writ of habeas corpus in the trial court.


/s/_____
FEINBERG, J.


We concur:


/s/_____
ROBIE, Acting P. J.


/s/_____
RENNER, J.

---

[2] Given our conclusion, we need not address the People's request that we take judicial notice of the record in Davis's appeal from the trial court's denial of his petition under section 1172.6. (*People v. Davis* (Jan. 24, 2024, C097495) [nonpub. opn.].)