Filed 1/21/26  P. v. Doremus CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C102349 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CF06092) |
| v. | |
| JOHNNIE EDWARD DOREMUS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Johnnie Edward Doremus asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Having done so, we will affirm the judgment.

BACKGROUND

For several weeks prior to December 2022, law enforcement surveilled defendant and his girlfriend, codefendant Jennifer Castro, observing them coming and going from an apartment in Chico located approximately 300 to 400 feet from an elementary school. On December 1, 2022, Butte Interagency Narcotics Task Force Detective Douglas Patterson served a search warrant at the apartment.  After knocking and announcing, officers received no response, and they forced entry through the front door, which had

been barricaded from the inside.  Defendant and codefendant Castro were detained inside the apartment in handcuffs while officers executed the search warrant.

During the search, officers located a pouch with methamphetamine, 24 pounds of marijuana, a complete butane honey oil lab, which is used to make a highly volatile and illegal form of concentrated cannabis, two rounds of ammunition, a digital scale with methamphetamine residue, baggies, and packaging materials.  Officers found another complete butane honey oil lab in the garage.  In one of the bedrooms, officers found codefendant Castro's purse and driver's license, a small amount of methamphetamine, and a ticket from the Chico Police Department issued in November 2022, to defendant that listed the apartment as his residence.  At a second location associated with defendant, officers found multiple indoor grow rooms with approximately 300 marijuana plants or clones, 18 pounds of marijuana shake, and 18 pounds of marijuana bud on stems.

Defendant and codefendant Castro were charged in Butte County Superior Court case No. 22CF06092 (case No. 6092) with manufacturing a controlled substance other than PCP, to wit, butane honey oil (Health & Saf. Code, § 11379.6, subd. (a); count 1) within 1000 feet of a school (Health & Saf. Code, § 11353.6, subd. (b)).  Defendant was also charged with unlawful possession of ammunition by a felon (Pen. Code,[1] § 30305, subd. (a)(1); count 2),[2] and it was further alleged that he had a prior strike conviction (§§ 667, subds. (b)-(j), 1170.12).

Defendant was released on bail.  He failed to appear at a scheduled hearing, and a bench warrant was issued for his arrest.  Defendant was subsequently charged in Butte County Superior Court case No. 23CF03650 (case No. 3650) with failure to appear while released on bail or his own recognizance (§ 1320.5).  The complaint further alleged that

---

[1]    Further undesignated section references are to the Penal Code.

[2]    Following the preliminary hearing, the complaint was deemed the information.

defendant committed the offense while released on bail or his own recognizance (§ 12022.1) and that he had a prior strike conviction (§§ 667, subds. (b)-(j), 1170.12).

In August 2024, defendant filed a motion pursuant to section 1538.5 to quash and traverse the search warrant and to suppress evidence in case No. 6092. The trial court considered the motion at an in-camera hearing conducted pursuant to *People v. Hobbs* (1994) 7 Cal.4th 949, as a substantial portion of the warrant's supporting affidavit was sealed. The trial court found that the sealing of the warrant's supporting affidavit was supported by good cause and denied defendant's motion to quash and traverse the warrant.

In September 2024, in an open plea agreement, defendant pled guilty to count 1 (manufacturing a controlled substance other than PCP) in case No. 6092 and admitted the attached school proximity enhancement in exchange for dismissal of count 2 and the remaining allegations in that case, as well as dismissal of case No. 3650. Defendant waived his right to a jury trial on aggravating factors necessary to impose an upper term sentence and waived any direct appeal he may have had absent any appeal based on sentencing error. Defendant stipulated to the probation report and police reports as the factual basis for his plea.

At the sentencing hearing in October 2024, the trial court dismissed the school proximity enhancement after counsel agreed the enhancement did not apply to the facts of the case. The court sentenced defendant to the upper term of seven years in prison. The court found the large quantity of controlled substances possessed to be an aggravating factor with no mitigating factors present.

After finding defendant had an ability to pay,[3] the trial court imposed various financial obligations. These included: a minimum $300 restitution fine (§ 1202.4, subd.

---

[3]     The probation report stated that, before his arrest, defendant was self-employed as a welder and metal fabricator, and "appears able-bodied, and although presently

(4)), an identical parole revocation restitution fine (suspended unless parole was revoked) (§ 1202.45), a $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)), a $150 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)), a $500 clandestine drug lab fee (Health & Saf. Code, § 11379.6, subd. (a)), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). In addition, some of these fees were subject to penalty assessments and surcharges, which added $145 to the criminal laboratory analysis fee, $435 to the drug program fee, and $1450 to the clandestine drug lab fee.[4]

The trial court initially awarded defendant 165 days of actual credit and 164 days of conduct credit for a total of 329 days of credit. Defendant timely appealed and did not request a certificate of probable cause.[5]

Defendant's appellate counsel subsequently submitted a letter in the trial court pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954 and section 1237.1, arguing

---

unemployed, he has marketable job skills. Therefore, he should be able to comply with any financial conditions or orders to pay restitution imposed by the Court." At the sentencing hearing, the trial court first observed "that wages in California prisons currently range from [$]12 to $56 a month and half of any wages earned, along with half of any deposits made into a trust account, are deducted to pay any outstanding restitution fine" before finding defendant had "an ability to pay given the sentence that the court is imposing." Defendant did not object to the court's ability to pay finding or otherwise argue during the hearing that he was unable to pay any of the financial obligations imposed or that any of the fines or fees were excessive.

[4]     The five penalty assessments and charges imposed here included: (1) a state penalty (§ 1464); (2) a state construction penalty (Gov. Code, § 70372); (3) a county penalty (Gov. Code, § 76000); (4) a DNA fingerprint penalty (Gov. Code, § 76104.6); and (5) a DNA identification fund penalty (Gov. Code, § 76104.7). Additionally, a "state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment" (§ 1465.7, subd. (a)).

[5]     Defendant's notice of appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea" and the denial of a motion to suppress evidence under section 1538.5.

defendant was entitled to three additional days of credit. After considering the credit issue at a hearing on January 8, 2026, the trial court awarded defendant three additional days of credit for 332 days of total credit (166 days of actual credit and 166 days of conduct credit pursuant to section 4019).

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

After examining the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____\s\_____
Krause, J.

We concur:

_____\s\_____
Renner, Acting P. J.

_____\s\_____
Wiseman, J.*

_____

\*    Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.