Filed 3/20/24  P. v. Ortega CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>FIDEL ORTEGA, JUNIOR,<br><br>　　Defendant and Appellant. | F085777<br><br>(Super. Ct. No. 15CR-00728)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Jennifer O. Trimble, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*　　Before Levy, Acting P. J., Poochigian, J. and Franson, J.

Defendant Fidel Ortega, Junior pled no contest pursuant to a negotiated plea agreement to manslaughter and assault with a deadly weapon. The trial court imposed the stipulated sentence of 15 years in prison. The sentence included prior prison term enhancements for offenses that were not sexually violent offenses. In 2023, the court resentenced defendant pursuant to Penal Code section 1172.75,[1] invalidating sentences that included prior prison term enhancements imposed for offenses that were not sexually violent offenses. The court imposed the stipulated sentence with the exception of the prior prison term enhancements for an aggregate term of 13 years. Defendant appealed.

Defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking the court to determine whether there were any arguable issues on appeal. Defendant was afforded an opportunity to submit a supplemental brief but failed to do so in the time allotted. We have conducted an independent review of the record and find no error. We affirm.

## PROCEDURAL SUMMARY

On August 31, 2015, the Merced County District Attorney filed a complaint deemed an information charging defendant with the murder of Daniel Dorsie Dowen (§ 187, subd. (a); count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). As to both counts, the information alleged that defendant had served two prior prison terms for offenses that were not sexually violent offenses (§ 667.5, former subd. (b)). As to count 1, the information alleged defendant used a deadly weapon (§ 12022, subd. (b)(1)). As to count 2, the information alleged defendant inflicted great bodily injury in commission of the offense (§ 12022.7, subd. (a)).

On November 30, 2015, pursuant to a negotiated plea agreement, defendant pled no contest to manslaughter on count 1 (§ 192, subd. (a)) and count 2 as charged; he also admitted use of a deadly weapon on count 1, and having suffered two prior prison terms.

---

[1] All further statutory citations are to the Penal Code.

2.

The plea agreement stipulated that the trial court would sentence defendant to the aggregate term of 15 years as follows: on count 1, 11 years (the upper term), plus a one-year enhancement for use of a deadly weapon (§ 12022, subd. (b)(1)), plus two 1-year prior prison term enhancements; and on count 2, one year (one-third the middle term), consecutive to the sentence on count 1.

On the same date, the trial court imposed the stipulated sentence and awarded defendant 290 days of actual custody credits and 43 days of good conduct credits.

On February 17, 2023, defendant was resentenced pursuant to section 1172.75. The trial court struck the two previously imposed prior prison term enhancements and imposed the remainder of the original sentence.

On February 21, 2023, defendant filed a notice of appeal.

## FACTUAL SUMMARY[2]

On or about February 13, 2015, in Merced County, defendant stabbed Dowen, killing him. Defendant then stabbed N.N., who survived.

## DISCUSSION

As noted above, defendant's counsel filed a *Wende* brief identifying no basis for relief and asking that we review the record to determine whether there were any arguable issues on appeal. Having carefully reviewed the entire record, we conclude that there is no arguable issue on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

We note that defendant was sentenced to an upper-term sentence although he did not admit and a jury did not find true any circumstances in aggravation, nor did the trial court find that circumstances in aggravation of the offenses justified a sentence exceeding the middle term. However, because the trial court did not have discretion to impose the lower, middle, or upper term under the negotiated plea agreement, the sentence did not

---

[2] On November 30, 2015, defendant admitted a factual basis for his plea. Our factual summary is based on that admitted factual basis.

violate section 1170, subdivision (b) as modified by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567).

Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under another ameliorative amendment to section 1170 by Senate Bill 567]), and defendant's sentence is not yet final on appeal.

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b)(2), such that it now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)[3]  On the other hand, section 1192.5, subdivision (b), provides, in relevant part, that when a "plea is accepted by the prosecuting attorney in open court and is approved by the court, … *the court may not proceed as to the plea other than as specified in the plea*." (§ 1192.5, subd. (b), italics added.)  " ' " 'A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.' " ' " (*People v. Stamps* (2020) 9 Cal.5th 685, 700−701.) While the plea bargain does not divest the trial court of its inherent sentencing discretion, " ' "a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain." ' " (*Id*. at p. 701; see § 1192.5, subd. (b).)  Thus, when the defendant and the prosecutor agree that a specified sentence will be imposed, the court does not exercise discretion within a range of otherwise permissible sentences, but rather imposes the agreed-upon sentence.  (See *People v. French* (2008) 43 Cal.4th 36, 49.)

---

**3**     A trial court is permitted to rely upon a certified record of conviction to determine prior criminality for purposes of sentencing without submitting the prior conviction to a jury.  (§ 1170, subd. (b)(3).)

In *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314, the defendant had been sentenced to an upper term sentence pursuant to a stipulated plea agreement without consideration of factors in aggravation or in mitigation. (*Id*. at pp. 1055, 1058.) The defendant argued that the Court of Appeal was required to reduce her sentence to a middle term sentence in order to comply with Senate Bill 567. (*Id*. at p. 1056.) The *Mitchell* court concluded that Senate Bill 567's amendments to section 1170 did not apply to a sentence imposed pursuant to a stipulated plea agreement "as the trial court lacks discretion to select the sentence in the first place." (*Mitchell*, at p. 1058.)

This court considered the same issue in *People v. Sallee* (2023) 88 Cal.App.5th 330, review granted April 26, 2023, S278690, and reached the same outcome as *Mitchell*, based on similar reasoning. We explained that when a trial court "impose[s] a stipulated sentence pursuant to a negotiated plea agreement," the court's discretion is "limited to approving or rejecting the bargain. The court [does] not exercise discretion to select between the lower, middle, or upper term based on any aggravating or mitigating circumstances." (*Sallee*, at p. 338.) "Thus, section 1170, subdivision (b), which governs the court's exercise of discretion with regard to a sentencing triad, does not apply." (*Ibid*.) Here, we reach the same conclusion for the same reasons.

For the same reasons articulated in *Sallee* and *Mitchell*, we conclude in this case the trial court did not exercise triad discretion when it imposed the stipulated sentence set out in the negotiated plea agreement and therefore the amendments to section 1170 brought about by Senate Bill 567 are not applicable. (See *People v. Sallee*, *supra*, 88 Cal.App.5th at p. 340.)

We further note that on June 7, 2023, defendant's appellate counsel sent a *Fares*[4] letter to the trial court, requesting recalculation of custody credits. The trial court issued

---

[4]     *People v. Fares* (1993) 16 Cal.App.4th 954.

an amended abstract of judgment on June 21, 2023, reflecting that defendant was awarded the custody credits he requested. The modified credit award appears to be correct.

In sum, we find no arguable issues on appeal.

## **DISPOSITION**

The judgment is affirmed.