Filed 3/26/24  P. v. Morrison CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SINQUE BEIANA MORRISON,<br><br>    Defendant and Appellant. | G062842<br><br>(Super. Ct. No. FSB053188-5)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of San Bernardino, Rodney A. Cortez, Judge.  Reversed and remanded with directions.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*   \*   \*

Defendant Sinque Beiana Morrison has filed a post-conviction appeal from "the judgment of the court dismissing the motion to vacate judgement [*sic*] of court-imposed costs (fines and Restitution) now unenforceable and uncollectible per [Penal Code section] 1465.9 in the above-entitled action."

We appointed counsel to represent Morrison. After conducting his analysis of potential appellate issues, counsel informed us in his declaration that he "thoroughly reviewed the record in this case. An attorney at Appellate Defenders, Inc., has also reviewed this case." Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against his client, counsel briefly set forth the relevant facts related to this appeal. Counsel also advised Morrison of his right to file a written argument on his own behalf, but he has not done so. Finally, counsel underscored this court's obligation to "conduct a review of the entire record to determine whether the record reveals any issues that would, if resolved favorably to the appellant, result in reversal or modification of the judgment."

**FACTS**

The facts which underly Morrison's conviction are not at issue in this limited appeal. Suffice it to say, Morrison and a codefendant were convicted of murder plus other related charges. We modified the judgment as we affirmed the convictions in 2011. (*People v. Barnett* (July 28, 2011, G041416) [nonpub. opn.].) In that opinion we summarized the facts of the case: "A jury convicted Michael Barnett, Jr., of second degree murder and Sinque Morrison of first degree murder for the senseless shooting death of 11-year-old Mynisha Crenshaw . . . who died in a fusillade of bullets defendants

2

and their cohorts fired into the wrong apartment in a mistargeted, retaliatory gang strike." (*People v. Barnett*, *supra*, G041416.)

On April 17, 2023, Morrison filed a motion pursuant to Penal Code section 1465.9 asking the trial court to vacate the fines it had ordered him to pay when he was sentenced. On May 18, 2023, the court denied the motion. On June 16, 2023, Morrison filed a notice of appeal from that denial.

On August 29, 2023, Morrison filed a letter in the trial court pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954, 959-960. On September 20, 2023, the trial court vacated the fines it had ordered Morrison to pay by minute order. On October 2, 2023, the trial court filed an amended abstract of judgment which is at best ambiguous.

## DISCUSSION

The trial court effectively granted Morrison's motion in its September 2023 minute order. That action moots Morrison's appeal since he has received the relief he sought. We nonetheless must reverse the judgment to allow the trial court to clarify its ambiguous abstract of judgment. After examining the entire record, like counsel, we can find no other arguable appellate issue.

## DISPOSITION

The trial court's postjudgment order, which denied Morrison's motion to vacate the fines imposed at sentencing is reversed. The case is remanded to the trial court with directions to reexamine the latest abstract of judgment prepared by the court and

3

correct any error it finds.  A certified copy of the new abstract of judgment shall then be forwarded to the Department of Corrections and Rehabilitation.


                                    GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

4