Filed 5/13/25  P. v. Henderson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL JESS HENDERSON,<br><br>Defendant and Appellant. | F087902<br><br>(Super. Ct. No. 62288)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Kellee C. Westbrook, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Lewis A. Martinez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Smith, J., and Fain, J.†

†       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

# INTRODUCTION

In 1998, a jury convicted Daniel Jess Henderson (appellant) of carjacking and other offenses. The trial court sentenced appellant to 25 years to life plus 12 years in state prison. The sentence included four 1-year prior prison term enhancements (Pen. Code, § 667.5, subd. (b)),[1] three of which were ordered stayed.

In 2023, appellant was recalled for resentencing pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) (Senate Bill 483) because his judgment included now invalid prior prison term enhancements. (§ 1172.75, subd. (a).) At resentencing, the trial court struck the enhancements but denied appellant's requests to dismiss other enhancements and findings. The court resentenced appellant to 25 years to life plus 11 years in state prison.

On appeal, the parties agree the trial court failed to recalculate appellant's custody credits at resentencing and specify the updated total in the amended abstract of judgment. The parties also agree appellant's restitution fine must be stricken pursuant to recently enacted section 1465.9, subdivision (d). We agree with the parties, and we remand the matter to the trial court for the limited purpose of correcting the above errors. In all other respects, we affirm.

# BACKGROUND

We need not discuss the facts underlying appellant's conviction because they are not relevant to the issues raised on appeal.[2]

In 1998, a jury convicted appellant of carjacking (§ 215, subd. (a)), second degree robbery (§§ 211, 212.5, subd. (c)), vehicle theft (Veh. Code, § 10851, subd. (a)), and receiving stolen property (§ 496, subd. (a)) and found true two enhancements for the use

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] For a detailed description of the underlying facts, see our opinion affirming appellant's conviction. (*People v. Henderson* (Mar. 1, 2001, F030753) [nonpub. opn.].)

of a deadly weapon (§ 12022, subd. (b)). In a bifurcated proceeding, the jury found true seven prior strike allegations (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), two prior serious felony enhancements (§ 667, subd. (a)), and four prior prison term enhancements (§ 667.5, subd. (b)). The trial court sentenced appellant to 25 years to life plus 12 years in state prison. As pertinent here, the sentence was enhanced by one year for a prior prison term enhancement. The remaining three prior prison term enhancements were ordered stayed.

In 2023, the California Department of Corrections and Rehabilitation (CDCR) identified appellant as a person in their custody serving a prison term for a judgment that included a now invalid prior prison term enhancement. The trial court appointed counsel and set the matter for a resentencing hearing.

Appellant filed a resentencing brief contending the trial court must dismiss the prior prison term enhancements because they are no longer legally valid. (See § 1172.75, subd. (a).) Appellant also requested the court exercise its discretion under section 1385, subdivision (a), to dismiss the prior strike convictions and the prior serious felony enhancements. At the resentencing hearing, appellant additionally requested the court consider staying the use of a deadly weapon enhancement, or order that it run concurrently.

The trial court dismissed the prior prison term enhancements in accordance with section 1172.75, subdivision (a). However, the court declined to dismiss or stay any of the other findings or enhancements, and resentenced appellant to 25 years to life plus 11 years in state prison.

## DISCUSSION

### I. Legal Background—Senate Bill 483.

Effective January 1, 2022, Senate Bill 483 added section 1171.1, later renumbered section 1172.75, to the Penal Code. Subdivision (a) of that section provides that

3.

effectively any prior prison term enhancement "imposed prior to January 1, 2020 … is legally invalid."[3]  (§ 1172.5, subd. (a).)

Section 1172.75 also sets forth a procedure for defendants serving a sentence with a prior prison term enhancement to obtain relief.  First, the CDCR must identify such defendants and notify the court that sentenced them.  (§ 1172.75, subd. (b).)  Next, the sentencing court must review the judgment of each identified defendant and determine whether it includes a qualifying prior prison term enhancement.  (§ 1172.75, subd. (c).)  If so, the sentencing court must recall the sentence and resentence the defendant.  (*Ibid.*)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see § 1172.75, subd. (d)(2).)  Thus, section 1172.75 authorizes the resentencing court to "revisit all prior sentencing decisions."  (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425.)

## II. The Trial Court Failed to Recalculate and Award Custody Credits at Resentencing.

At appellant's 1998 sentencing hearing, the trial court awarded appellant 910 days of custody credits, consisting of 792 days of actual custody credits and 118 days of conduct credits.  At the 2024 resentencing hearing, the court did not address custody credits, and the "credit for time served" section of the amended abstract of judgment was left blank.

While the instant appeal was pending, appellant's counsel submitted a letter to the trial court pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954, requesting the court prepare a second amended abstract of judgment reflecting the updated amount of custody

---

[3]  The only exception to this provision is for prior prison term enhancements "imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."  (§ 1172.75, subd. (a).)

credits at the time of resentencing. In response, the court prepared a second amended abstract of judgment, but did not include an updated calculation of custody credits. Instead, the second amended abstract of judgment reflects the total custody credits previously awarded at appellant's 1998 sentencing hearing, with the following notation: "Date Sentence Pronounced: 03/10/1998."

We agree with the parties that the trial court was required to recalculate appellant's custody credits at the time of resentencing. In *People v. Buckhalter*, our high court explained that when "remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.) This duty arises from section 2900.1, which provides: "[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently … modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."

Because the trial court failed to comply with this requirement, we remand for the limited purpose of allowing the court to recalculate appellant's custody credits, and to award such credits in an amended abstract of judgment. (See *People v. Buckhalter, supra,* 26 Cal.4th at p. 41.)

### III. The Restitution Fine Must be Vacated Pursuant to Section 1465.9, Subdivision (c).

At the 1998 sentencing hearing, the trial court imposed a $5,000 restitution fine pursuant to section 1202.4. At the 2024 resentencing hearing, the court did not orally impose any fines, and no fines were reflected in the minute order or amended abstract of judgment. However, the second amended abstract of judgment, which was issued following appellant's *Fares* letter, shows a restitution fine of $5,000.

5.

We agree with the parties that the restitution fine must be vacated. Effective January 1, 2025, Assembly Bill No. 1186 (2023–2024 Reg. Sess.) (Stats. 2024, ch. 805, § 1) amended section 1465.9 to add subdivision (d), which provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

In accordance with this provision, we direct the trial court to order the restitution fine vacated upon remand.

## DISPOSITION

The matter is remanded to the trial court for the limited purposes of allowing the trial court to recalculate the custody credits to which appellant is eligible on his resentencing, and to order the restitution fine vacated. The trial court shall prepare an amended abstract of judgment reflecting the updated award of custody credits and that the restitution fine has been vacated. The trial court shall then forward the amended abstract of judgment to the appropriate entities. In all other respects, the judgment is affirmed.