Filed 6/17/25  P. v. Annis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C100152 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CF06473, 21CF00948, 21CF04881, 22CF02398, 23CF03458) |
| v. | |
| RYAN SCOTT ANNIS, | |
| Defendant and Appellant. | |

Defendant Ryan Scott Annis appeals from five cases that were resolved through three separate plea agreements in 2021, 2022, and 2023.  Defendant asks us to vacate a probation supervision fee that has since been repealed, and the People properly concede the issue.

He also asks us to remand the matter for the trial court to specify the statutory basis of certain fines imposed in a misdemeanor case that was resolved in one of his three plea agreements, but is not listed on his notice of appeal.  We lack jurisdiction and therefore decline to consider the matter.

1

Finally, in our review of the record, we noticed that certain fees and fines imposed by the trial court were not listed on the abstract of judgment. We vacate the now invalid probation supervision fee and criminal justice administration fee, affirm the judgment as modified, and direct the trial court to issue a corrected abstract of judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Given the narrow nature of the contentions on appeal, we limit our recitation of the facts.

I

*March 2021 Plea Agreement And April 2021 Sentencing*

In March 2021, as part of a global plea agreement, defendant pled no contest (1) in case No. 18CM03938 (case No. 3938) to misdemeanor driving under the influence with a prior driving under the influence conviction, (2) in case No. 20CF06473 (case No. 6473) to felony grand theft, (3) in case No. 21CF00948 (case No. 0948) to felony failure to appear, (4) in case No. 20CM04384 (case No. 4384) to misdemeanor receipt of a stolen vehicle, and (5) in case No. 21CM01463 (case No. 1463) to misdemeanor petty theft.

The trial court held the sentencing hearing in April 2021. In case Nos. 0948 and 6473, the court suspended imposition of sentence, placed defendant on 24 months of formal probation, and ordered the following fines and fees for each case: a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a corresponding $300 probation revocation fine (suspended unless probation is revoked) (Pen. Code, § 1202.44), a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court also imposed a $164 per month probation supervision fee (Pen. Code, former § 1203.1b) and a $25 "[c]riminal [j]ustice [a]dministration fee." Neither the trial court nor the probation report specifies the statutory basis for the $25 criminal justice administration fee, although the probation report states that the fee should be $10 if "[c]ite [r]elease" or $25 if "OR [r]elease/[b]ail."

2

In case No. 6473, the court also imposed a $39 theft fine.  (Pen. Code, §§ 1202.5, 1465.7, 1464; Gov. Code, §§ 70372, subd. (a), 76000, 76104.6, 76104.7.)

In case No. 3938, the trial court suspended imposition of sentence, placed defendant on three years of formal probation, and ordered various fines and fees, including a "DUI fine" of $460 and $1,388 in "penalties, surcharges, and assessments." Neither the court nor the probation report specified the statutory basis for the $460 DUI fine.  As to the $1,388 in penalties, surcharges, and assessments, the court referred to the probation report, which listed the following:  a $92 court surcharge (Pen. Code, § 1465.7), a $230 state court facilities construction fund fee (Gov. Code, § 70372, subd. (a)), a $460 state penalty assessment (Pen. Code, § 1464), a $322 county penalty assessment (Gov. Code, § 76000), a $46 DNA identification fund fee (Gov. Code, § 76104.6), a $184 DNA identification fund fee (Gov. Code, § 76104.7), a $4 "EMAT" fee, and a $50 alcohol abuse education and prevention penalty (Veh. Code, § 23645, subd. (a)).

In case Nos. 1463 and 4384, the trial court imposed a six-month concurrent jail sentence and ordered multiple fines and fees not at issue here.

## II

*Probation Violations, June 2022 Plea Agreement, And July 2022 Sentencing*

Defendant admitted to violating probation in November 2021 and the trial court reinstated probation.  In February 2022, the probation department filed a petition alleging defendant had again violated probation.

In June 2022, defendant pled no contest (1) in case No. 21CF04881 (case No. 4881) to felony receipt of a stolen vehicle and (2) in case No. 22CF02398 (case No. 2398) to felony failure to appear.  In case No. 2398, defendant also admitted an enhancement for committing a crime while on release.

In July 2022, the trial court sentenced defendant to county jail for an aggregate split term of five years, as follows:  (1) In case No. 6473 the upper term of three years for

3

the grand theft conviction, (2) in each of case Nos. 2398, 4881, and 0948 eight months (one-third the middle term) consecutive, and (3) in case No. 3938 one year concurrent. The court ordered the final 731 days of the split sentence to be served on mandatory supervision.

In case Nos. 6473 and 0948, the trial court (1) ordered defendant to pay all previously ordered fines and fees, (2) imposed a $300 mandatory supervision revocation fine (suspended unless mandatory supervision is revoked) in each case (Pen. Code, § 1202.45), and (3) lifted the stay on the previously imposed probation revocation fines (Pen. Code, § 1202.44). In each of case Nos. 4881 and 2398, the court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a corresponding $300 mandatory supervision revocation fine (suspended unless mandatory supervision is revoked) (Pen. Code, § 1202.45), a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373). In case No. 4881, the court also imposed a $39 theft fine. (Pen. Code, §§ 1202.5, 1465.7, 1464; Gov. Code, §§ 70372, subd. (a), 76000, 76104.6, 76104.7.) The court additionally ordered defendant to pay all fines and fees previously ordered in case No. 3938.

## III

*October 2023 Plea Agreement And November 2023 Sentencing*

In October 2023, defendant pled no contest in case No. 23CF03458 (case No. 3458) to felony receipt of a stolen vehicle and admitted a prior felony theft conviction involving a vehicle. In exchange, a separate pending case (case No. 23F03459) was dismissed with a *Harvey*[1] waiver. The trial court found defendant had violated mandatory supervision in case Nos. 6473, 0948, 4881, and 2398.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

4

In November 2023, the trial court sentenced defendant to county jail for an aggregate term of six years eight months, as follows: (1) In case No. 3458 the upper term of four years and (2) in each of case Nos. 2398, 4881, 0948, and 6473 eight months (one-third the middle term) consecutive. The court "reaffirm[ed]" all previously imposed fines and fees in case Nos. 2398, 4881, 0948, and 6473 and lifted the stay on the previously imposed mandatory supervision revocation fee. In case No. 3458, the court also imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373). Although the abstract of judgment lists all the fines and fees imposed in case No. 3458, it only lists the restitution fines and mandatory supervision fines for case Nos. 2398, 4881, 0948, and 6473.

Defendant appeals. Defendant's notice of appeal states he is appealing from the November 2023 sentencing hearing and only lists case Nos. 3458, 2398, 4881, 0948, and 6473. Defendant did not obtain a certificate of probable cause on appeal.

Defendant's appointed counsel wrote to the trial court in October 2024 per *People v. Fares* (1993) 16 Cal.App.4th 954 asking the court to vacate the probation supervision fee along with other allegedly repealed fees. The court responded later that month that it was not taking any action because it had "previously adjusted the referenced fines." The court subsequently filed a supplemental clerk's transcript indicating there had been no further action taken.

DISCUSSION

I

*Unenforceable Fines And Fees Are Vacated*

In April 2021, when sentencing defendant in case Nos. 6473 and 0948, the trial court imposed a $164 monthly probation supervision fee under Penal Code former section 1203.1b and a $25 criminal justice administration fee. During the July 2022 and

5

November 2023 sentencing hearings, the trial court affirmed all previously imposed fines and fees in case Nos. 6473 and 0948.

## A

### *Probation Supervision Fee*

As defendant correctly notes, on July 1, 2021, Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill 1869), added Penal Code section 1465.9, which states that any unpaid balance of a fee imposed under former section 1203.1b as it read on June 30, 2021, is unenforceable and uncollectable, and must be vacated. (§ 1465.9, subd. (a); Stats. 2020, ch. 92, § 62.) We vacate this fee even though it is not listed on the abstract, given that the oral pronouncement of judgment controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [an abstract of judgment does not control if it differs from the oral pronouncement of judgment].)

Given our conclusions, we need not address defendant's additional argument that the probation supervision fee should not have been imposed because he was on mandatory supervision.

## B

### *Criminal Justice Administration Fee*

Defendant further asks us to strike the criminal justice administration fee. Although neither the trial court nor the probation report specified the statutory basis for the fee, the probation report states the fee should be $10 if "[c]ite [r]elease" or $25 if "OR [r]elease/[b]ail." According to defendant, we should vacate the fee because it was imposed under former section 29550.2 of the Government Code, which permitted courts to impose a criminal justice administration fee that was less than actual administration costs and was repealed by Assembly Bill 1869. (See also § 6111, subd. (a) [declaring any costs imposed under former § 29550.2 unenforceable and uncollectible, and requiring courts to vacate any portion of a judgment imposing those costs].)

6

It is also possible the fee was imposed under section 29550, former subdivision (c) or former section 29550.1 of the Government Code, which also permitted courts to impose a criminal justice administration fee that was less than actual administration costs. (Stats. 2020, ch. 92, §§ 22, subd. (c), 24.)  Based on the probation report's description of the fee, it is also possible the fee was imposed under Penal Code former section 1463.07 or Government Code section 29550, former subdivision (f).  Both of these provisions allowed imposition of a fee of $25 if the defendant was arrested and released on his, her, or their own recognizance or $10 if the defendant was only cited and released.  (Pen. Code, former § 1463.07, added by Stats. 1997, ch. 850, § 56; Gov. Code, § 29550, former subd. (f), repealed by Stats. 2020, ch. 92, § 22, subd. (f).)

Regardless of which of these statutes the trial court originally relied on in April 2021 when imposing the $25 criminal justice administration fee, we still must vacate it. Penal Code section 1465.9, subdivision (a) states that any fee imposed under Penal Code former section 1463.07 is unenforceable and uncollectible and must be vacated.  (Stats. 2021, ch. 257, § 34.)  Assembly Bill 1869 added Government Code section 6111, which similarly states that any fee imposed under Government Code section 29550, former subdivisions (c) or (f), former section 29550.1, or former section 29550.2, as those sections read on June 30, 2021, is unenforceable and uncollectible and must be vacated. (Gov. Code, § 6111, subd. (a); Stats. 2020, ch. 92, § 11.)

Just as with the probation supervision fee, we vacate the criminal justice administration fee even though it is not listed on the abstract, given that the oral pronouncement of judgment controls.  (*People v. Mitchell*, *supra*, 26 Cal.4th at p. 185 [an abstract of judgment does not control if it differs from the oral pronouncement of judgment].)

7

## II

*Defendant's Claims Regarding Case No. 3938 Are Not Cognizable In This Appeal*

Defendant next argues that in case No. 3938 the trial court erroneously failed to state the statutory basis for the $460 "DUI fine" and the $1,388 in penalties, surcharges, and assessments (or $1,848 total). Defendant further argues these fees and fines are not listed in the abstract of judgment.

The People argue this court lacks jurisdiction to consider this matter because defendant's notice of appeal is limited to the November 2023 resentencing and case Nos. 6473, 0948, 4881, 2398, and 3458. We agree.

Although appellate courts generally construct a notice of appeal liberally in favor of its sufficiency, "there are limits." (*In re J.F.* (2019) 39 Cal.App.5th 70, 76; see also Cal. Rules of Court, rules 8.100(a)(2) & 8.405(a)(3) [generally requiring appellate courts to construe liberally a party's notice of appeal].) "[W]hen a notice of appeal manifests a ' "clear and unmistakable" ' intent to appeal only from one order, we cannot liberally construe the notice to apply to a different, omitted order." (*J.F.*, at p. 76.)

Defendant's notice of appeal in this case is very specific and manifests a clear and unmistakable intent to appeal solely from the November 2023 resentencing addressing case Nos. 6473, 0948, 4881, 2398, and 3458, *but not* case No. 3938. We therefore lack jurisdiction to review the fines and fees imposed in case No. 3938, and defendant's claims regarding case No. 3938 are not cognizable in this appeal. (*In re J.F.*, *supra*, 39 Cal.App.5th at p. 79 [appellate court did not have jurisdiction to review an order that was not listed in the party's notice of appeal].)

## III

*The Abstract Of Judgment Must Be Corrected*

Our review of the record revealed the abstract of judgment lists the restitution fines and mandatory supervision fines for case Nos. 2398, 4881, 0948, and 6473, but fails to list any other previously imposed fine or fee that was reaffirmed by the trial court

8

during the November 2023 sentencing hearing, including:  (1) in each of case Nos. 2398, 4881, 0948, and 6473 a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373); (2) in each of case Nos. 6473 and 0948 a $300 probation revocation fine (the stay was lifted in July 2022) (Pen. Code, § 1202.44); and (3) in each of case Nos. 6473 and 4881 a $39 theft fine (Pen. Code, §§ 1202.5, 1465.7, 1464; Gov. Code, §§ 70372, subd. (a), 76000, 76104.6, 76104.7).  Given that the trial court in November 2023 "reaffirm[ed]" the previously imposed fines and fees in those cases, we order the court to correct the abstract of judgment.  (*People v. Mitchell*, *supra*, 26 Cal.4th at p. 185 [an abstract of judgment does not control if it differs from the oral pronouncement of judgment].)

## DISPOSITION

The following fees are vacated and declared unenforceable and uncollectable: (1) the probation supervision fee of $164 per month imposed under Penal Code former section 1203.1b and (2) the $25 criminal justice administration fee. As modified, the judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment, which includes all reaffirmed fines and fees as detailed immediately above, and to forward a certified copy to the Department of Corrections and Rehabilitation.

/s/ _____
ROBIE, Acting P. J.

We concur:

/s/ _____
MESIWALA, J.

/s/ _____
FEINBERG, J.

10