Filed 1/30/26  P. v. Flores CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HECTOR FLORES II,<br><br>    Defendant and Appellant. | D085151<br><br><br>(Super. Ct. No. SCE385427) |


APPEAL from a judgment of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed and remanded with instructions.

Richard J. Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene Sevidal, Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

In 2021, a jury convicted Hector Flores II of second degree murder (Pen. Code,[2] § 187) with true findings on firearm and gang enhancement allegations.  The court sentenced Flores to 15 years to life for the second degree murder and a consecutive term of 25 years to life for the gun enhancement.  Flores appealed the conviction.  We vacated the gang enhancement finding and remanded for the prosecution to consider whether to retry the case.  The prosecution declined to do so, and the case was set for resentencing.  (*Flores, supra*, D079705.)

On remand, the court held a resentencing hearing and again imposed an aggregate term of 40 years to life.  The court stated it would "come up with [the updated credits] and give it to [the defendant]."  The minute order, however, is silent as to credit for time served and the record does not include an amended abstract of judgment.  Flores states that he filed written requests on March 10, 2025, and June 20, 2025 to recalculate his presentence custody credits and correct the record  The record does not indicate the court has responded to these requests.

Flores contends, and the People concede, that the resentencing court failed to comply with *People v. Buckhalter* (2001) 26 Cal.4th 20, because it did not determine the actual days Flores was in custody between his original

---

[1]    We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)  Rather than restate the factual and procedural background of the case, we will assume familiarity with our prior opinion from Flores's first appeal (*People v. Flores* (Jan. 18, 2024, D079705) [nonpub. opn.] (*Flores*)).

[2]    Undesignated statutory references are to the Penal Code.

2

sentencing in 2021 and his resentencing in 2024.  We agree.  "[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody."  (*Id.* at p. 29.)  It is thus the resentencing court that must calculate Flores's custody credits and award such credits in a new abstract of judgment.  (*Id.* at p. 41; see also *People v. Fares* (1993) 16 Cal.App.4th 954, 959 ["we consider it not the proper function of the Court of Appeal to engage in this business of correction of clerical errors in the computation of credits"].)

## DISPOSITION

We remand to the trial court to recalculate Flores's custody credits between the time of his original October 12, 2021 sentencing and his January 18, 2024 resentencing and to issue an amended abstract of judgment and minute order reflecting the additional credits.  The trial court shall then forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  We otherwise affirm the judgment.


BUCHANAN, Acting P. J.

WE CONCUR:


KELETY, J.


HUFFMAN, J.*

_____

\*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.